# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

———————————

No. 25-2526

———————————

**Children of the Court**, *a non-profit corporation*, and **Conor Paris**,

      *Plaintiff-Appellants*,

  v.

**Abbey Fishman Romanek** and **Timothy C. Evans**, *individually and in his representative capacity as Chief Judge of* **The Circuit Court of Cook County**,

      *Defendant- Appellees.*

Appeal No.:  25-2526
Dist. Ct.:     N.D. Ill. – Eastern Div.
Civil Case:   1:24-cv- 08785
Dist. Judge: Hon. Lindsay C. Jenkins

———————————

# RESPONSE TO RULE TO SHOW CAUSE FOR APPELLANT

———————————

Adam Florek
IARDC No: 6320615
N.D. Ill. Gen. Bar No.: 6320615
Florek Law, PLLC
552 Broadway, Suite 601
New York, New York 10018
Tel: +1 (929) 229-2268
Email: aflorek@florekllc.com

Pursuant to the Court's December 16, 2025 Order issuing a Rule to Show Cause why Plaintiff-Appellants' appeal should not be dismissed for want of prosecution, Plaintiff-Appellants' Counsel states as follows:

1.     Plaintiff-Appellants timely filed their Notice of Appeal on August 22, 2025; therefore, their Opening Brief was originally due by or before October 8, 2025 but, the Court granted Plaintiff-Appellants' counsel an extension until November 10, 2025 to file their opening brief.

2.     The initial extension was necessary because Plaintiff-Appellants' Counsel failed to properly correctly calendar the deadline for Plaintiff-Appellants' Opening Brief and did not learn of his mistake until after the October 8, 2025 Deadline had lapsed.

3.     Thereafter, on November 3, 2025 Plaintiff-Appellants' Counsel again sought an extension to file their opening brief, which the court granted until December 1, 2025.

4.     Plaintiff-Appellants' Counsel again failed to timely file his client's Opening Brief and on December 16, 2025, this Court issued its Rule to Show Cause (Dkt. 12) wherein it ordered Plaintiff-Appellants' Counsel to show "why this appeal should not be dismissed for lack of prosecution, pursuant to Circuit Rule 31(c)(2)."

5.     Plaintiff-Appellants' Counsel's failure to timely file his client's opening brief was the result of an unfortunate confluence of events: Counsel had several deadlines in late November and early December; and Counsel again failed to calendar

or otherwise record the December 1, 2025 Deadline for Plaintiff-Appellants' Opening Brief.  <u>See</u> Florek Affidavit ¶¶ 7-8, 10-11, attached as <u>Exhibit A</u> hereto.

6.      "Dismissal for want of prosecution 'is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or where other less drastic sanctions have proven unavailing.'"  <u>Kasalo v. Harris & Harris, Ltd.</u>, 656 F.3d 557, 561 (7th Cir. 2011) (<u>quoting</u> <u>Gabriel v. Hamlin</u>, 514 F.3d 734, 736 (7th Cir.2008)).

7.      This Court has suggested considering a number of factors when determining to dismiss an action at the trial court level, including: "the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents."  <u>Id.</u>, at 561.

8.      Here, the failure to timely file the Opening Brief is the result of Plaintiff-Appellants' Counsel **not** the result of contemptuous conduct of the Plaintiff-Appellants who are a non-profit and an individual.

9.      Plaintiff-Appellants' Counsel's failure to timely file the Opening Brief is not the result of contemptuous conduct, instead, as explained in the supporting affidavit, the delay is the result of an unfortunate confluence of deadlines, client obligations, and the Thanksgiving holiday.  <u>See</u> Florek Affidavit ¶¶ 4-8, 10-11.

10.    Plaintiff-Appellants' Counsel has finalized and submitted Plaintiff-Appellants' Opening Brief, Plaintiff-Appellants Children Of The Court And Conor Paris's Initial Brief And Required Short Appendix, and it is attached hereto as <u>Exhibit B</u>.

11.    Dismissal of this appeal would be a disproportionate sanction because the delay was brief and is now fully remedied; Defendant-Appellees have suffered little or no prejudice from the delay because they have not had to expand time to respond to any briefing; and dismissal would foreclose any relief to Plaintiff-Appellants for the abrogation of their First Amendment Rights of Access.

12.    Fed. R. App. Pro 3(a)(2) notes "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal," but, if this matter is dismissed it would completely deny any relief to Plaintiff-Appellants.

13.    Instead, if a sanction is required, the Court should levy such sanction against Plaintiff-Appellants' Counsel because the failure to timely act is the result of his errors and not the result of any contemptuous conduct by Plaintiff-Appellants.

Dated: December 26, 2025                    Respectfully submitted,

                                            */s/ Adam Florek*
                                            Adam Florek
                                            N.D. Ill. Bar No.: 6320615
                                            Florek Law, PLLC
                                            552 Broadway, Suite 601
                                            New York, New York 10018
                                            Tel: +1 (929) 229-2268
                                            Email: <u>aflorek@florekllc.com</u>

**Certificate Of Service**

I certify that on December 26, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Adam Florek*
Adam Florek

**Certificate of Compliance with F.R.A.P. Rule 32(A)(7)**

I hereby certify that this Response was prepared using Microsoft Word. It contains no more than 5,200 words of proportionally spaced type. The typeface is Century Schoolbook, 12 point.

Dated: December 26, 2025

/s/ Adam Florek
Adam Florek

Group Exhibit A

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

———————————

No. 25-2526

———————————

**Children of the Court**, *a non-profit corporation*, and **Conor Paris**,

      *Plaintiff-Appellants*,

    v.

**Abbey Fishman Romanek** and **Timothy C. Evans**, *individually and in his representative capacity as Chief Judge of* **The Circuit Court of Cook County**,

      *Defendant- Appellees*.

Appeal No.:  25-2526
Dist. Ct.:    N.D. Ill. – Eastern Div.
Civil Case:  1:24-cv- 08785
Dist. Judge: Hon. Lindsay C. Jenkins

———————————

## ADAM FLOREK'S AFFIDAVIT IN SUPPORT OF
## RESPONSE TO RULE TO SHOW CAUSE FOR APPELLANT

———————————

Adam Florek
IARDC No: 6320615
N.D. Ill. Gen. Bar No.: 6320615
Florek Law, PLLC
552 Broadway, Suite 601
New York, New York 10018
Tel: +1 (929) 229-2268
Email: aflorek@florekllc.com

Adam Florek, being duly sworn, deposes and says:

1. I am adult over eighteen (18) years old; I am a solo attorney practicing through my law firm: Florek Law, LLC, and I have done so since February 2024; if called to testify I could and would competently testify, from direct and personal knowledge, as follows:

2. I was admitted to the Illinois Bar in November 2015; I was admitted to the Northern District of Illinois's General Bar in August 2019; I was admitted to the Seventh Circuit Court of Appeals' Bar in February 2019.

3. I am an attorney for Plaintiff-Appellants in this matter.

4. My failure to timely file Plaintiff-Appellants' opening brief was the result of overscheduling my professional obligations during the fall and winter of 2025, not the result of contemptuous conduct or otherwise insouciance towards this Court or its deadlines.

5. While I represent numerous parties as their primary counsel in various pending lawsuits, in recent weeks, I have:

    a. Responded to two separate Motions to Dismiss in <u>Coalition Opposing Governmental Secrecy and Judiciocracy, LLC v. Marcia Meis, et al.</u>, Ill. N.D. No.: 1:25-cv-10221 (Dec. 12, 2025);

    b. Responded to a Motion to Dismiss in <u>Coalition Opposing Governmental Secrecy and Judiciocracy, LLC v. Marcia Meis, et al.</u>, Ill. N.D. No.: 1:25-cv-7895 (Dec. 05, 2025);

    c. Prepared and Argued an Emergency Motion for Preliminary Injunction Pursuant To Fed. R. Civ. P. 65(a) in <u>Edward "Coach" Weinhaus, Children of the Court, and Judiciocracy LLC v. Township High School District 113, Highland Park Police Department, et al.</u>, Ill. N.D. No.: 1:25-cv-14662 (Dec. 03, 2025 – Dec. 4, 2025);

      d. Prepared a Petition For A Writ Of Certiorari, which I signed while petitioning the Supreme Court of the United States for admission. The brief was ultimately filed by my client while the admission is pending in *Edward Weinhaus v. Regina A. Scannicchio, Judge, Circuit Court of Illinois, Cook County, et al.*, Sup. Ct. No.: 25-725 (Dec. 13, 2025);

6. Additionally, I am litigating numerous lawsuits as primary counsel, including, but not limited to:

      a. <u>Edgar County Watchdogs v. Shelby County and Shelby Dive Team</u>, Shelby Co. Case No.: 2024CH4; <u>Coby Brands v. Shelby County and Shelby Dive Team</u>, Shelby Co. Case No.: 2024CH6; <u>Coalition Opposing Governmental Secrecy and Edgar County Watchdogs v. Shelby County State's Attorney</u>, Shelby Co. Case No.: 2025CH9;

      b. <u>Vince Espinoza v. the Cook County Office of the President</u>, Cook Co. Case No.: 2023CH08756; <u>Vince Espinoza v. Evanston Township High School District 202</u>, Cook Co. Case No.: 2023CH08491;

      c. Metric Media, LLC in over a dozen FOIA lawsuits within Illinois' Circuit Court, including: <u>Metric Media v. Thornton School District 154</u>, Cook Co. Case No.: 2025CH00093; <u>Metric Media v. The Village of Dolton</u>, Cook Co. Case No.: 2024CH09275; <u>Metric Media v. Warsaw Community Unit School District 316</u>, Hancock Co. Case No.: 2025CH1;

      d. Coalition Opposing Governmental Secrecy ("COGS") in numerous FOIA lawsuits within Illinois' Circuit Court, including: <u>COGS v. Office of Lynwood Village President</u>, Cook Co. Case No.: 2025CH12615; <u>COGS v. Office of Lombard Village President</u>, DuPage Co. Case No.: 2025CH000301; <u>COGS v. Village of University Park Office of the Mayor</u>, Will Co. Case No: 2025CH000262

7. Due to the solo nature of my practice, the above matters as well as a limited number of advisory matters, require my immediate and ongoing attention as well as all administrative matters associated with my practice.

8. Due to my failure to note the revised deadline for Plaintiff-Appellants'

Opening Brief, I failed to timely file the same on December 1, 2025.

9.     I petitioned this Court for Plaintiff-Appellants' Second Extension on November 3, 2025 and the Court granted the same on November 4, 2025.

10.     However, on November 4 and 5, 2025 when I should have calendared Plaintiff-Appellants' deadline for their Opening Brief, I was engaged in numerous meetings and presentations on behalf of two other client that are each actively engaged in the sale of their respective businesses and therefore did not appropriately note the new deadline.

11.     Following the Court's December 16, 2025 Rule to Show Cause, I contacted my Clients and advised them of my error, the Court's Rule to Show Cause, and the potential sanction, up to and including dismissal of this appeal.

Under the pains and penalties of perjury, the undersigned certifies that the statements set forth in this instrument are true and correct and, except as to matters therein stated to be on information and belief, are made on personal knowledge, and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Affiant further sayeth naught.

Dated: December 26, 2025

Respectfully submitted,

*/s/ Adam Florek*
Adam Florek
IARDC No: 6320615
N.D. Ill. Gen. Bar No.: 6320615

## CERTIFICATE OF SERVICE

I certify that on December 26, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

*/s/Adam Florek*
Adam Florek

**Certificate of Compliance with F.R.A.P. Rule 32(A)(7)**

I hereby certify that this motion and affidavit were prepared using Microsoft Word. It contains no more than 5,200 words of proportionally spaced type. The typeface is Century Schoolbook, 12 point.

Dated: December 26, 2025.

*/s/Adam Florek*
Adam Florek

Group Exhibit B

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

_____

No. 25-2526

_____

**Children of the Court**, *a non-profit corporation*, and **Conor Paris**,

      *Plaintiff-Appellants*,

    v.

**Abbey Fishman Romanek** and **Timothy C. Evans**, *individually and in his representative capacity as Chief Judge of* **The Circuit Court of Cook County**,

      *Defendant- Appellees*.

Appeal No.:  25-2526
Dist. Ct.:      N.D. Ill. – Eastern Div.
Civil Case:    1:24-cv- 08785
Dist. Judge: Hon. Lindsay C. Jenkins

_____

## PLAINTIFF-APPELLANTS CHILDREN OF THE COURT AND CONOR PARIS'S INITIAL BRIEF AND REQUIRED SHORT APPENDIX

_____

Adam Florek
IARDC No: 6320615
N.D. Ill. Gen. Bar No.: 6320615
Florek Law, LLC
11 Knollwood Drive
North Caldwell, NJ 07006
Tel: +1 (929) 229-2268
Email: aflorek@florekllc.com

# Table of Contents

Table of Contents ................................................................................................. 3

Table of Authorities ............................................................................................ 4

Jurisdictional Statement ..................................................................................... 5

Statement of Issue ............................................................................................... 7

Statement of the Case ......................................................................................... 8

Statement of Facts .............................................................................................. 9

    The State Court's Acts ................................................................................... 9

    Course of Proceedings ................................................................................ 10

Summary of Argument ...................................................................................... 13

Argument ........................................................................................................... 16

    a.   Standard of Review ................................................................................ 16

    b.   The Court Erred When it Concluded That Defendants' Exclusion of Plaintiff-Appellants was Protected by Judicial Immunity Because Judicial Immunity Does Not Protect Judges and Judicial Officers from Liability for Administrative Acts ............................................................................. 16

        1.   Defendant-Appellee Romanek's Decision to Exclude Plaintiff-Appellants was Neither an Exercise of Discretion Nor Judgment, Rather it was a Ministerial Act ............................................................. 17

        2.   Defendant-Appellee Romanek's Decision to Exclude Plaintiff-Appellants was Not an Act That is Normally Performed by a Judge ............................ 20

        3.   Plaintiff-Appellants Paris's Interaction with Defendant-Appellee Romanek was Not in Her Judicial Capacity .............................................. 22

    c.   Defendant-Appellees Do Not Enjoy Judicial Immunity Because Judicial Immunity Is Not A Bar To Prospective Injunctive Relief ............................. 23

    d.   Defendant-Appellee Evans and the Circuit Court of Cook County are Liable for the Deprivation of Plaintiff-Appellants' Rights ........................................ 23

Conclusion ........................................................................................................ 27

Certificate of Compliance with Fed. R. App. Pro. 32(a)(7) and 32(g) and Circuit Rule 32(c) ................................................................................................................ 29

Certificate of Service ........................................................................................ 30

Circuit Rule 30(d) Statement ............................................................................ 31

# Table of Authorities

**Cases**

<u>Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown</u>, 520 U.S. 397 (1997) .......... 14, 24, 25

<u>City of Canton v. Harris</u>, 489 U.S. 378, 389-390, n.10. (1989)............................ 14, 24

<u>Cosentino v. Kelly</u>, 102 F.3d 71 (2d Cir. 1996) ............................................................ 19

<u>Dawson v. Newman</u>, 419 F.3d 656 (7th Cir. 2005)............................................. passim

<u>Forrester vs. White</u>, 484 U.S. 219 (1988)............................................................. passim

<u>Lowe v. Letsinger</u>, 772 F.2d 308 (7th Cir. 1985) ...................................... 13, 17, 21, 22

<u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978) ......................................... passim

<u>Palmer v. Marion Cnty.</u>, 327 F.3d 588 (7th Cir. 2003)............................................. 26

<u>Phelan v. Cook Cnty.</u>, 463 F.3d 773 (7th Cir. 2006)............................................... 26

<u>Richman v. Sheahan</u>, 270 F.3d 430 (7th Cir. 2001) ............................................... 16

<u>Thomas v. Cook Cnty. Sheriff's Dep't</u>, 604 F.3d 293 (7th Cir. 2009)....... 15, 25, 26, 27

**Statutes**

28 U.S.C. § 1331.................................................................................................................. 5

28 U.S.C. § 1343.................................................................................................................. 5

42 U.S.C. § 1983........................................................................................... 5, 8, 11, 24

705 ILCS 105/1................................................................................................................. 21

**Rules**

*Fed. R. Civ. P. 12* ........................................................................................................ 24

**Constitutional Provisions**

Ill. Const. 1970, art. IV, § 7 ...................................................................................... 20

U.S. Const. amend. I.............................................................................................. passim

## Jurisdictional Statement

This appeal arises from a civil action brought in the Northern District of Illinois seeking redress for Plaintiff-Appellant's Constitutionally protected right of access to the courts as protected by the First Amendment to the United States Constitution. The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 because the suit was brought pursuant to a federal statute 42 U.S.C. § 1983.

The District Court entered its final judgments on December 19, 2024 via Minute Order (Dkt. No.: 23), wherein it dismissed Defendant-Appellee Romanek, with prejudice, after finding her violations or Plaintiffs' rights were protected by absolute judicial immunity; and July 24, 2025 Minute Order (Dkt. No.: 52); July 24, 2025 Memorandum Opinion and Order (Dkt. No.: 53); and July 24, 2025 Judgement (Dkt. No.: 54) dismissing Plaintiff-Appellants' Second Amended Complaint. Plaintiff-Appellants timely filed his Notice of Appeal on August 22, 2025. Accordingly, this Court of Appeals has jurisdiction under 28 U.S.C. § 1291 because this is an appeal from the final decisions of a U.S. District Court.

Plaintiff-Appellants' Opening Brief was originally due by or before October 8, 2025 but, due to counsel's failure to properly calendar the Notice of Appeal he sought an extension on October 20, 2025 until November 10, 2025. The Court granted that extension. On November 3, 2025, Counsel sought a second extension, which the Court granted, extension the deadline for Plaintiff-Appellants' Opening Brief until December 1, 2025. Plaintiff-Appellants' Counsel again failed to timely file his client's Opening Brief and on December 16, 2025, this Court issued its Rule to Show Cause (Dkt. 12) wherein it ordered Plaintiff-Appellants' Counsel to show "why this appeal

should not be dismissed for lack of prosecution, pursuant to Circuit Rule 31(c)(2)."
On December 26, 2025, Plaintiff-Appellants' Counsel filed his Response To Rule To
Show Cause For Appellant, his Affidavit in support of the same, as well as this
opening brief as an exhibit to the Response To Rule To Show Cause For Appellant.

**Statement of Issue**

1.)     The District Court erred when it concluded that Defendant-Appellee Romanek enjoyed absolute judicial immunity for closing the courtroom door to specific members of the public, specifically for excluding Plaintiff-Appellants Conor Paris and Children of the Court from otherwise public proceedings because such act was an administrative action under <u>Forrester vs. White</u>, 484 U.S. 219 (1988) and therefore not subject to judicial immunity; it involves neither exercise of discretion nor judicial judgment and constitutes a ministerial act that could as readily be performed by a clerk.

2.)     The District Court erred when it concluded that Defendant-Appellee Evans, the then-Chief Judge for the Circuit Court of Cook County was free from liability under <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978) despite allegations that subordinate judicial officers and court staff were circulating false and delegitimizing information about Children of the Court and its Officers and deliberate indifference to the same resulting in the denial of Plaintiff-Appellants' First Amendment Right of Access.

## Statement of the Case

This is an appeal from the District Court's December 19, 2024 Minute Order and July 24, 2025 Order dismissing Plaintiffs' Complaint for failure to state a claim owing to absolute judicial immunity. During the District Court's December 19, 2025 Hearing and as confirmed in the attendant Minute Order, the district court erroneously concluded that Defendant-Appellee Romanek's conduct during a August 5, 2024 hearing in the Circuit Court of Cook County, Illinois, was protected by absolute judicial immunity despite her acts, the exclusion of Plaintiff-Appellants Paris, despite their ministerial characteristics. The District Court found, "[Defendant-Appellee Romanek] was on the bench. She was hearing and deciding cases[,]" (Dkt. 25, 7:8-9), without considering the characteristics of the 'decision' rendered nor the redress requested.

In the Court's July 24, 2025 Order, the District Court misapplied this Circuit's jurisprudence proscribing the contours of Section 1983 when applied in a municipal context. In its Order, the Court concluded that Plaintiffs Second Amended Complaint failed to state a claim for liability under <u>Monell</u>, because it does not allege a policy or custom. (Dkt. 53, p. 3) However, the Complaint is replete with allegation that allege the type of custom and deliberate indifference that cries out for relief under <u>Monell</u>. As a result of the District Court's misapplication of judicial immunity, Plaintiff-Appellants have been deprived of any redress for Defendant-Appellees' violation of their Constitutionally protected Right Of Access.

8

**Statement of Facts**

<u>The State Court's Acts</u>

Children of the Court is a Missouri non-profit corporation that works with adult children of divorce to reunite those children with the courtrooms and judges that often had an outsized impact on their youth. (Dkt. 44, ¶¶ 5, 8-10) Conor Paris is one of Children of the Court's beneficiaries that was brought up in the shadow of litigation and under the ever-looming threat of judicial involvement into his childhood. (<u>Id.</u>, at ¶¶ 34-36)

In February 2024, Children of the Court's Operations Manager sent correspondence to numerous judges and administrators within the Circuit Court of Cook County advising of its mission and forthcoming activities including courtroom visits. (<u>Id.</u>, at ¶¶ 12 – 15; Exhibit A) While some members of the state court met with Children of the Court, others ignored those letters; others still lambasted Children of the Court and spread misinformation about the organization and its aims. (<u>Id.</u>, at ¶¶ 17-26) Defendant-Appellees Evans and Romanek each received the letter. (<u>Id.</u>, at ¶¶ 13, 15; Exhibit A) Defendant-Appellee Evans received advanced notice that Children of the Court would visit the courtrooms which he oversaw in Cook County, listing Defendant-Appellee Romanek's courtroom specifically. (<u>Id.</u>; Exhibit A)

Thereafter, on August 5, 2024, Conor's family's matter was scheduled for a Zoom hearing before Defendant-Appellee Romanek for a routine post-dissolution matter. (<u>Id.</u>, at 38-39) Conor, as a beneficiary of Children of the Court's services, was supposed to attend the hearing via Zoom, like all of the other participants that day,

to observe the proceedings and his minor siblings' attorney. (Id., at ¶¶ 39-41) When his family's matter was called, Defendant-Appellee Romanek refused to admit Conor, instead remarking "Conor Paris is here. He has no business being here and he shouldn't be here and I am not letting him in. He shouldn't know about court dates." (Id., at ¶¶ 42-45)

In violation of his Constitutionally protected rights, Conor was never admitted to the August 5, 2024 proceeding. Conor was the only member of the public denied access to the proceedings. (Id., ¶¶ 42-43) Shortly thereafter, on September 24, 2025, Children of the Courts' executive director was denied entry to otherwise public proceedings, following Defendant-Appellee Romanek being informed of this action.[1] (Id., ¶¶ 49-51)

Course of Proceedings

Plaintiff-Appellants originally filed the underlying lawsuit on September 23, 2025, alleging violation of Plaintiffs' First Amendment Right of Access, pursuant to 42 U.S.C. § 1983. (Dkt. 1) The Complaint sought, *inter alia*, declaratory judgement, equitable remedy by way of prospective injunctive relief, and damages. (Id.) Thereafter, on November 22, 2024, Defendant Iris Y. Martinez, in her official capacity as Clerk of the Circuit Court of Cook County, and Cook County, filed her Motion to Dismiss, (Dkt. 15), and on November 25, 2025, Defendant-Appellee Romanek filed

---

1. The original Complaint did not include the allegations that Defendant-Appellee Romanek intentionally excluded Children of the Court and its Executive Director from the September 24, 2025 Hearing, because the Complaint preceded this abrogation of Plaintiff-Appellant Children of the Court's Right of Access. However, these claims were reserved in the Amended Complaints which included further factual allegations including Children of the Court informing Defendant-Appellee Romanek prior to its impending visit and her refusal to admit it thereafter.

her Motion to Dismiss. (Dkt. 17) During the District Court's December 19, 2024 Hearing (Dkt. 25), the Court ruled and dismissed Defendant-Appellee Romanek, with prejudice, concluding that "[Defendant-Appellee Romanek] was on the bench. She was hearing and deciding cases[,]" without considering the characteristics of the 'decision' rendered. (Dkt. 25, 7:8-9) However, Plaintiff-Appellants were permitted to amend their complaint to clarify allegations against the Defendant Martinez and any other potential defendant. (Id., at 8-9)

On January 24, 2025, Plaintiff-Appellants filed their Amended Complaint alleging violation of Plaintiffs' First Amendment Right of Access, pursuant to 42 U.S.C. § 1983, against Timothy C. Evans, individually and in his representative capacity as Chief Judge of The Circuit Court of Cook County and Cook County, Illinois and the Clerk.[2] (Dkt. 29) Shortly thereafter, on May 15, 2025, Plaintiff-Appellants filed their Second Amended Complaint narrowing their allegations to *only* Defendant-Appellee Evans, in his representative capacity as The Circuit Court of Cook County, Illinois. On June 13, 2025, Defendant-Appellee Evans filed his Motion to Dismiss.

Finally, in its July 25, 2025 Memorandum Opinion and Order, the District Court, *inter alia*, dismisses any potential <u>Monell</u> liability for Defendant-Appellee Evans. Finally, in its July 25, 2025 Memorandum Opinion and Order, the District Court, *inter alia*, dismisses any potential Monell liability for Defendant-Appellee

---

2.   Importantly, the Amended Complaint included allegations that, following the initiation of this lawsuit, Plaintiff-Appellant Children of the Court was excluded from public proceedings as retribution of the same and in direct violation of its First Amendment Right of Access. (Dkt. 29, ¶¶ 31-35)

Evans.  (Dkt. 53, p. 3, n. 5)  The District Court concluded that "the second amended complaint fails to allege that a policy or custom was responsible for the deprivation of rights."  (Id.)  It continued to state "[a] few scattered claims of practices and display of deliberate indifference are insufficient[,]" while ignoring numerous allegations within the Second Amended Complaint that illustrate a pattern of misconduct as a result of Defendant-Appellee Evans and leading to the constitutional violations at issue herein.

## Summary of Argument

Judicial immunity is more than "a mere defense to liability," it "confers complete immunity from suit[.]" Dawson v. Newman, 419 F.3d 656, 660 (7th Cir. 2005). Because it bars an aggrieved party from *any* legal redress, the Supreme Court has not extended it beyond its narrow confines, which requires an examination of the nature of the act performed, *not* the identity of the actor. Forrester, 484 U.S. at 219-220. When determining whether an act is *judicial* in nature, this Circuit has applied a three-factor test: "(1) whether the act or decision involves the exercise of discretion or judgment, or is rather a ministerial act which might as well have been committed to a private person as to a judge; (2) whether the act is normally performed by a judge; and (3) the expectations of the parties, *i.e.*, whether the parties dealt with the judge as judge." Dawson, 419 F.3d at 661 (quoting Lowe v. Letsinger, 772 F.2d 308, 312 (7th Cir. 1985)). Importantly, absolute judicial immunity does not extend to prospective injunctive relief or attorney's fees under Section 1983. Pulliam v. Allen, 466 U.S. 522 (1984).

Here, the District Court dismissed Plaintiff-Appellants' claim for violation of their First Amendment Right of Access against Defendant-Appellee Romanek by focusing on her position as a judge, noting that she was "on the bench" and "hearing and deciding cases" during the status conference, but giving no consideration to the acts she was undertaking – administrative acts that could and should have been the province of a clerk or courtroom deputy or the relief requested. Had the Court considered the three factors articulated in Lowe and restated in Dawson, it would have quickly concluded that Defendant-Appellee Romanek's conduct was ministerial

and did not involve the exercise of discretion or judgment of adjudication; was a decision that is the province of court administration, not judicial adjudication; and Plaintiff-Appellants' interaction with Defendant-Appellee Romanek were not in her judicial capacity, they were merely members of the public attempting to observe public affairs.  Further, had the District Court examined the remedies requested, *injunctive and declaratory relief*, it would have found concluded immunity did not extend to these circumstances under controlling Supreme Court precedent.

Later, the District Court declined to extend liability to Timothy C. Evans, individually and in his representative capacity as Chief Judge of The Circuit Court of Cook County, under Monell, v. Dep't of Soc. Servs., 436 U.S. 658 (1978) because it misapplied the proper pleading standard and the well-pled allegations establishing liability.  To establish municipal liability based on custom, a litigant must demonstrate that policymakers were deliberately indifferent to the known or obvious consequences of their custom.  Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 407 (1997).  Deliberate indifference is established when policymakers, aware that their approach has failed to prevent situationally protected rights, continue with a knowingly insufficient approach.  City of Canton v. Harris, 489 U.S. 378, 389-390, n.10. (1989).  This standard requires allegations that a policymaker "disregarded a known or obvious consequence of his action."  Bryan Cnty., 520 U.S. at 410.  As relevant here, "a series of violations" may "lay the premise of deliberate indifference," and that policymakers' insouciance towards misconduct—demonstrated by failure to remedy known constitutional violations—constitutes

actionable municipal policy.  <u>Thomas v. Cook Cnty. Sheriff's Dep't</u>, 604 F.3d 293, 303 (7th Cir. 2009).

The Second Amended Complaint meets this standard because it alleged Defendant-Appellee Evans knew of Plaintiff-Appellant Children of the Court, its mission, *et cetera* and critically, subordinate judicial officers and court staff that were circulating false and delegitimizing information about Plaintiff-Appellant Children of the Court and its Officers.  And, that Respondent Evans, despite possessing final policymaking authority and an obligation to correct these misrepresentations to keep access to the courtrooms open, deliberately chose not to act enabling his subordinates to continue violating the constitutional rights of Plaintiff-Appellants and others, resulting in a widespread and well-settled custom of denying access to courts.

**Argument**

The District Court erred when it dismissed Plaintiff-Appellants' lawsuit because judicial immunity is not a mere defense to liability *for damages*; here the court used it as a complete bar from *any* redress for the aggrieved where the Supreme Court has not extended absolute immunity beyond its narrow scope. Forrester, 484 U.S. 219. The functional analysis articulated in Forrester requires examination of the nature of the act performed, *not* the identity of the actor. Id., at 228. As the Supreme Court emphasized, "[i]t is the nature of the function performed—adjudication—rather than the identity of the actor who performed it—a judge—that determines whether absolute immunity attaches to the act." Id., at 219-220. Further, the Supreme Court instructs a District Court to consider the remedies sought prior to applying blanket judicial immunity as a further bar to redress. Pulliam, 466 U.S. at 540.

    a.  Standard of Review

A court of appeals reviews a district court's decision on a motion to dismiss base on absolute immunity *de novo*. Dawson, 419 F.3d 656, 660 (7th Cir. 2005); Richman v. Sheahan, 270 F.3d 430, 434 (7th Cir. 2001) (the existence of immunity is a question of law and is entitled to *de novo* review).

    b.  The Court Erred When it Concluded That Defendants' Exclusion of Plaintiff-Appellants was Protected by Judicial Immunity Because Judicial Immunity Does Not Protect Judges and Judicial Officers from Liability for Administrative Acts

The District Court erred when it concluded that Defendant-Appellee Romanek enjoyed absolute judicial immunity for her exclusion of Plaintiff-Appellants from

otherwise public proceedings because it was an administrative action under Forrester, and therefore not subject to judicial immunity. Here, the decision to exclude Plaintiff-Appellants was absent any compelling reason, as the Right of Access demands, and was an administrative act because: 1.) the act did not include the exercise of discretion or judgment, instead it was a ministerial act which might as well have been committed by a clerk; and 2) the administration and admission of individuals to a courtroom is not an act normally performed by a judge.

When determining whether an act is *judicial* in nature, this Court has applied a three-factor test: "(1) whether the act or decision involves the exercise of discretion or judgment, or is rather a ministerial act which might as well have been committed to a private person as to a judge; (2) whether the act is normally performed by a judge; and (3) the expectations of the parties, i.e., whether the parties dealt with the judge as judge." Dawson, 419 F.3d at 661 (quoting Lowe, 772 F.2d at 312). All three factors must be evaluated in context, and immunity is justified only when protecting truly judicial functions.

1. *Defendant-Appellee Romanek's Decision to Exclude Plaintiff-Appellants was Neither an Exercise of Discretion Nor Judgment, Rather it was a Ministerial Act*

Defendant-Appellee Romanek's decision to exclude Plaintiff-Appellants Paris and Children of the Court from an otherwise public court proceeding was an administrative act falling outside the scope of absolute judicial immunity. This exclusion violated the constitutional right of access to judicial proceedings without satisfying the demanding standard –a compelling justification – required to restrict such access.

17

The first factor, "whether the act or decision involves the exercise of discretion or judgment, or is rather a ministerial act[,]" Dawson, 419 F.3d at 661, strongly favors denying immunity. Defendant-Appellee Romanek's exclusion of Plaintiff-Appellants was summary, immediate, and without application of any reasoned judicial process. She simply concluded that "[Plaintiff-Appellant Paris] has no business being [in her courtroom] and he shouldn't be here and [she is] not letting him in. He shouldn't know about court dates." Compl., ¶ 26. The record shows Plaintiff-Appellant Paris was simply barred from accessing a status conference in an open case to which he had legitimate right to access. The facts surrounding Plaintiff-Appellant Children of the Court, a judge-overseen judicial reform organization, are even more striking. The organization sent Defendant-Appellee Romanek a letter. The undersigned attorney informed Defendant-Appellee Romanek of the organization's appearance. Where other judges held meetings with the organization, Defendant-Appellee Romanek barred its executive from access to otherwise public proceedings. Neither Plaintiff-Appellants Children of the Court nor Paris had been in the courtroom to disrupt the proceedings.

This conduct is distinguishable from the core judicial functions that immunity protects – judgement. A judge deciding a motion, ruling on evidentiary issues, or managing a trial necessarily exercises discretion in weighing competing interests and applying law to facts. Such discretionary decisions warrant immunity to insulate judges from vexatious litigation by frustrated litigants. Forrester, 484 U.S. at 225-

18

227. Particularly for damages. (Dkt. 44, Prayer for Relief p. 13-14) The Complaint seeks non-damage redress. (Id.)

By contrast, the *a priori* ministerial denial of courtroom access involves no weighing of legal principles, no application of substantive law, and no discretionary judgment regarding disputed legal issues. Compare Cosentino v. Kelly, 102 F.3d 71, 73 (2d Cir. 1996) (wherein the Second Circuit recognized "[i]t is essential to the proper administration of criminal justice that dignity, order, and decorum be the hallmarks of all court proceedings in our country. The flagrant disregard in the courtroom of elementary standards of proper conduct should not and cannot be tolerated." There, the Second Circuit approved the district court's exclusion of individuals that had disregarded the decorum of the court. Here, however, there is no suggestion, nor could there be, that either Plaintiff-Appellants Paris or Children of the Court had disregarded the decorum of the court nor posed any threat to the proper standards of courtroom conduct.

In Forrester, the Supreme Court emphasized that employment decisions, though "often crucial to the efficient operation of public institutions[,]" are not entitled to absolute immunity because they do not require the exercise of judicial discretion in the manner that adjudication requires. 484 U.S. at 229-30. Similarly, the decision to admit or deny individuals from a courtroom is a gate-keeping function that entails administrative determination of who should have access, not the kind of reasoned judgment or application of the law that characterizes judicial acts.

19

Further, because the exclusion was based on no stated criteria, no articulated concern for courtroom decorum, and no consideration of either Plaintiff-Appellants Paris' or Children of the Court's specific conduct, *other than their mere presence*, then the act was fundamentally ministerial—an arbitrary exercise of clerical gatekeeping authority rather than judicial discretion. Put plainly, this was a ministerial "act that simply happen[s] to have been done by [a] judge[]." Id., at 227.

2. *Defendant-Appellee Romanek's Decision to Exclude Plaintiff-Appellants was Not an Act That is Normally Performed by a Judge*

Defendant-Appellee Romanek's decision to exclude Plaintiff-Appellants Paris and Children of the Court from an otherwise public court proceeding was an administrative act falling outside the scope of absolute judicial immunity because her acts are not those typically performed by a judge when not involving disruption to the courtroom. That was the case here – it was an *a priori* restriction, targeting the Appellants. Judges are not in the business of selecting which members of the public are worthy of courtroom access based on their personal preferences.

The second factor, "whether the act is normally performed by a judge[,]" Dawson, 419 F.3d at 661, again weighs against granting immunity. Historically and in practice, decisions regarding *a priori* access to courtrooms are administrative matters delegated to court clerks and bailiffs, not functions requiring judicial capacity. This was not a situation of going *in camera* – this was targeted selection against the Plaintiff-Appellants excluding them from an open, public proceeding.

Illinois reserves those decisions, if legal, to *other* officials. Pursuant to Article VI, Section 7(c) of the Illinois Constitution of 1970, the Circuit Court of Cook County

20

is administered by a Chief Judge elected by the circuit judges of that circuit. Complementing the judicial administrative structure, the Office of the Clerk of the Circuit Court operates under the authority of the Clerks of Courts Act, as codified at 705 ILCS 105/1, *et seq*. The Clerk is an independently elected constitutional officer whose duties are prescribed by statute rather than by judicial appointment and their responsibilities include, *inter alia*: maintaining court records and files, managing case dockets, and the general administration of the Circuit Court of Cook County and its physical facilities. <u>See</u> 705 ILCS 105/1, *et seq*.

The relationship between these two administrative entities is defined by both constitutional separation of powers and statutory coordination. While the Circuit Court of Cook County's Chief Judge exercises *administrative* authority over judicial functions and court operations, the Clerk operates as an independently elected official performing *ministerial* duties essential to court operation.

When a judge needs to exclude someone from a courtroom due to disruptive conduct or security concerns, the judge ordinarily issues a directive, and court personnel execute it. A judge does not stand at the courtroom door and make individual admission decisions for each member of the public seeking to attend proceedings, *though that is what occurred here*. Such decisions are the province of court administration, not judicial adjudication.

This principle was recognized in <u>Lowe</u> and further defined in <u>Dawson</u>. The Seventh Circuit distinguished the judge's decision regarding when to decide a case, *i.e.*: a judicial act requiring discretion, from the "clerk's chore" of merely mailing

notice of the decision, *i.e.*: a ministerial or administrative task.  <u>Lowe</u>, 772 F.2d at 312-313.   Similarly, while a judge may decide what orders to enter regarding courtroom access or decorum, the day-to-day execution of courtroom access decisions is an administrative function delegated to administrative personnel.

### 3. Plaintiff-Appellants Paris's Interaction with Defendant-Appellee Romanek was Not in Her Judicial Capacity

Finally, it is worth noting that Plaintiff-Appellant Paris's interaction with Defendant-Appellee Romanek during the proceeding which he was excluded from was not in any judicial capacity.  When Plaintiff-Appellant Paris attempted to attend the Hearing, he was not dealing with Defendant-Appellee Romanek in her capacity as the decision-maker in a dispute between himself and another party.   He was attempting to exercise his First Amendment Right of Access to public proceedings *as a member of the public*.  Plaintiff-Appellant Children of the Court's court-overseen mission is to help members of the public like Plaintiff-Appellant Paris to exercise that right within the normal decorum of a courtroom proceeding. He merely sought to observe open proceedings, not approach the bench, or propose a motion or legal argument.   Defendant-Appellee Romanek was not acting as a judicial officer adjudicating a dispute when she excluded Plaintiff-Appellants Paris and Children of the Court, she was acting in the administrative role of controlling *who* could occupy the courtroom space during public proceedings.

The fact that exclusion orders might be issued by a judge does not transform their character from administrative to judicial.  As <u>Forrester</u> clearly states, "the nature of the function performed—adjudication—rather than the identity of the actor

who performed it—a judge—that determines whether absolute immunity attaches to the act." 484 U.S. at 220. Moreover, neither Plaintiff-Appellants Paris nor Children of the Court had any notice of any grounds for exclusion, no opportunity to respond, and no right to appeal their exclusion, other than this action; nor will the next 'excludee.' These procedural irregularities underscore that Defendant-Appellee Romanek was not acting in a judicial capacity requiring deliberation of legal questions. Instead, she was making a unilateral administrative determination regarding courtroom access.

c. Defendant-Appellees Do Not Enjoy Judicial Immunity Because Judicial Immunity Is Not A Bar To Prospective Injunctive Relief

The District Court erred in dismissing Plaintiff-Appellants' lawsuit because demanded redress, declaratory and injunctive relief, is not the sort of redress that is subject to judicial immunity. Under Pullman, "there is little support in the common law for a rule of judicial immunity that prevents injunctive relief against a judge." 466 U.S. at 540. Here, there is little question that Plaintiff-Appellants sought injunctive and declaratory relief regarding their First Amendment Right of Access. (Dkt. 44, Prayer for Relief p. 13-14) Accordingly, it was inappropriate for the District Court extend absolute judicial immunity to the relief requested in the underlying lawsuit.

d. Defendant-Appellee Evans and the Circuit Court of Cook County are Liable for the Deprivation of Plaintiff-Appellants' Rights

The District Court erred in dismissing Plaintiff-Appellants' Second Amended Complaint because it failed to apply the proper pleading standard and misconstrued well-pled factual allegations that establish a viable Monell claim. Were the

allegations accepted as true and reasonable inferences drawn in Plaintiff-Appellants' favor, *as required at the Rule 12(b)(6) stage*, the District Court would have seen that Defendant-Appellee Evans possessed actual knowledge of Plaintiff-Appellant Children of the Court, its mission, and was aware of the deliberate misrepresentations made by subordinate judicial officers; yet Defendant-Appellee Evans consciously disregarded the known and obvious consequences of his inaction. This deliberate indifference fostered a widespread custom of abrogating individuals' constitutional liberties, rendering Cook County Circuit Court, and Defendant-Appellee Evans, liable under Section 1983.

The Supreme Court has recognized that municipal liability under Section 1983 may be predicated on "governmental 'custom' even though such custom has not received formal approval through the body's official decisionmaking (sic) channels." Monell, 436 U.S. at 690-91. A custom exists where a practice is "so permanent and well settled as to constitute a 'custom or usage' with the force of law." Id., at 691. To establish municipal liability based on custom, Plaintiff-Appellants must demonstrate that policymakers were "deliberately indifferent" to the known or obvious consequences of their custom. City of Canton, 489 U.S. at 390; Bryan Cnty, 520 U.S. at 407.

Deliberate indifference is established when policymakers, aware that their approach has failed to prevent situationally protected rights, continue with a knowingly insufficient approach. City of Canton, 489 U.S. at 389-390, n.10. This standard requires proof that a policymaker "disregarded a known or obvious

24

consequence of his action." <u>Bryan Cnty</u>, 520 U.S. at 410.  Critically, this Circuit has held that "a series of violations" may "lay the premise of deliberate indifference," and that policymakers' insouciance towards misconduct—demonstrated by failure to remedy known constitutional violations—constitutes actionable municipal policy. <u>Thomas</u>, 604 F.3d at 303.

The Second Amended Complaint alleged facts satisfying each element.  It alleged that Defendant-Appellee Evans possessed specific knowledge of Plaintiff-Appellant Children of the Court, its mission, and the nature of its advocacy on behalf of litigants and its beneficiaries seeking access to court proceedings and understanding thereof. (Dkt. 44, ¶¶ 23-33)  The Second Am. Complaint alleges that Plaintiff-Appellant Children of the Court informed Defendant-Appellee Evans that it would be visiting courtrooms under his supervision, including that of Defendant-Appellee Romanek. It further alleged that Evans was aware that subordinate judicial officers and court staff were circulating false and delegitimizing information about Plaintiff-Appellant Children of the Court and its Officers.  (<u>Id.</u>, ¶ 32)  The Second Am. Complaint alleges that Evans, despite possessing final policymaking authority and an obligation to correct these misrepresentations, deliberately chose not to act.  <u>Id.</u> Finally, the Second Am. Complaint alleges that Evans' deliberate indifference to the wrongs occurring around him enabled subordinates to continue violating the constitutional rights of Plaintiff-Appellants and others, resulting in a widespread and well-settled custom of denying access to courts. <u>Id.</u>, ¶¶ 58, 64, 69.  It is all the more concerning that the organization promotes judicial reform, was judge-created, and

regularly works with judges to improve the judicial system.  If Judge Romanek is not going to be monitored by her supervising Judge – Chief Evans – it is no wonder she shut down the courtroom to Children of the Court after learning of this case.

The District Court dismissed the <u>Monell</u> claim suggesting that "a few scattered claims of practices and display of deliberate indifference are insufficient" to establish custom.  (Dkt. 53 at 3 n.5)  This conclusion is an error.  This Circuit does not require a specific number of violations to overcome some threshold to establish custom; rather, it requires proof of "more than one instance," and permits a custom to be shown through "a series of violations to lay the premise of deliberate indifference." <u>Thomas</u>, 604 F.3d at 303 (<u>quoting</u> <u>Palmer v. Marion Cnty.</u>, 327 F.3d 588, 596 (7th Cir. 2003)).  Moreover, custom or customs may take the form of "an implicit policy or a gap in expressed policies," particularly "in situations where rules or regulations are required to remedy a potentially dangerous practice." <u>Id.</u> (citing <u>Phelan v. Cook Cnty.</u>, 463 F.3d 773, 790 (7th Cir. 2006)).

The allegations here satisfy this standard.  The Second Am. Complaint does not allege isolated misconduct by a single subordinate; it alleges a pattern of misconduct resulting in constitutional violations as a result of misinformation systematically spread among judicial officers and staff, which Evans knew about and consciously failed to correct.  (Dkt. 44, ¶¶ 58, 64, 69)  Where policymakers are aware of recurring violations and acquiesce by failing to implement corrective measures despite their authority to do so, this Circuit has found such acquiescence sufficient to

establish custom. See Thomas, 604 F.3d at 303 (policymaker awareness of risk and failure to act establishes deliberate indifference).

## Conclusion

The district court's dismissal should be vacated, because the District Court's order dismissing Defendant-Appellee Romanek with prejudice based on absolute judicial immunity was erroneous. The court reasoned that because Defendant-Appellee Romanek was "on the bench" and "hearing and deciding cases" during the status conference, her exclusion of Paris was within her judicial role. However, this reasoning collapses the critical distinction between a judge's core adjudicative functions, *hearing cases*, and her ancillary administrative functions, *controlling courtroom access*. Further, it allows the Constitutional violations to continue because it fails to address that judicial immunity serves as no bar to prospective injunctive relief. Moreover, the Second Amended Complaint alleges specific, non-conclusory facts establishing that Defendant-Appellee Evans knew about Plaintiff-Appellant Children of the Court, its mission, its impending Romanek visit, and was aware of the deliberate misrepresentations made by subordinate judicial officers; yet Defendant-Appellee Evans consciously disregarded the known and obvious consequences of his inaction; and that his deliberate indifference fostered a widespread custom of constitutional violations. The indifference led to Defendant-Appellee Romanek being so brazen as to bar Plaintiff-Appellant Children of the Court after the undersigned noticed her of the Complaint and an impending visit. These allegations state a plausible Monell claim under Supreme Court and Seventh Circuit

27

precedent.    Accordingly, the Court should reverse and remand for further

proceedings.


Dated: December 26, 2025                         Respectfully submitted,

                                                 */s/ Adam Florek*
                                                 Adam Florek
                                                 N.D. Ill. Bar No.: 6320615
                                                 Florek Law, PLLC
                                                 552 Broadway, Suite 601
                                                 New York, New York 10018
                                                 Tel: +1 (929) 229-2268
                                                 Email: aflorek@florekllc.com

                                                 Antonio Valiente-Rivera
                                                 N.D. Ill. Gen. Bar No.: 12326
                                                 Torre de La Reina - Suite 203
                                                 450 Avenida de La Constitucion
                                                 San Juan, Puerto Rico 00901
                                                 Tel:  (787) 782-9544
                                                 Email:  lcdoavaliente@live.com

**Certificate of Compliance with Fed. R. App. Pro. 32(a)(7) and 32(g) and Circuit Rule 32(c)**

The undersigned, counsel for the Plaintiff-Appellants, furnishes the following in compliance with Fed. R. App. Pro. 32(a)(7) and hereby certifies that this brief conforms to Rule 32(a)(7) for a brief produced with a proportionally spaced font, containing 5,284 words and the typeface is Century Schoolbook, 12 point.

Dated: December 26, 2025              Respectfully submitted,

*/s/ Adam Florek*
Adam Florek
N.D. Ill. Bar No.: 6320615
Florek Law, PLLC
552 Broadway, Suite 601
New York, New York 10018
Tel: +1 (929) 229-2268
Email: aflorek@florekllc.com

Antonio Valiente-Rivera
N.D. Ill. Gen. Bar No.: 12326
Torre de La Reina - Suite 203
450 Avenida de La Constitucion
San Juan, Puerto Rico 00901
Tel:  (787) 782-9544
Email:  lcdoavaliente@live.com

**Certificate of Service**

The undersigned counsel for the Plaintiff-Appellants hereby certifies that on Friday, December 26, 2024, electronic copies of the Brief and Required Short Appendix of Appellants and one copy of the Separate Appendix were delivered by e-mail and CM/ECF to counsel for the Defendant-Appellees.

Dated: December 26, 2025        Respectfully submitted,

                              */s/ Adam Florek*
                              Adam Florek
                              N.D. Ill. Bar No.: 6320615
                              Florek Law, PLLC
                              552 Broadway, Suite 601
                              New York, New York 10018
                              Tel: +1 (929) 229-2268
                              Email: aflorek@florekllc.com

                              Antonio Valiente-Rivera
                              N.D. Ill. Gen. Bar No.: 12326
                              Torre de La Reina - Suite 203
                              450 Avenida de La Constitucion
                              San Juan, Puerto Rico 00901
                              Tel: (787) 782-9544
                              Email: lcdoavaliente@live.com

## Circuit Rule 30(d) Statement

Pursuant to Circuit Rule 30(d), counsel certifies that all material required by

Circuit Rule 30(a) and (b) are included in the appendix.


Dated: December 26, 2025                    Respectfully submitted,

                                           */s/ Adam Florek*
                                           Adam Florek
                                           N.D. Ill. Bar No.: 6320615
                                           Florek Law, PLLC
                                           552 Broadway, Suite 601
                                           New York, New York 10018
                                           Tel: +1 (929) 229-2268
                                           Email: aflorek@florekllc.com

                                           Antonio Valiente-Rivera
                                           N.D. Ill. Gen. Bar No.: 12326
                                           Torre de La Reina - Suite 203
                                           450 Avenida de La Constitucion
                                           San Juan, Puerto Rico 00901
                                           Tel:  (787) 782-9544
                                           Email:  lcdoavaliente@live.com

# Required
# Short Appendix

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Children of the Court**, *a non-profit corporation***, and **Conor Paris**, | ) ) ) |
| *Plaintiffs*, | ) ) |
| | ) ) Case No: 1:24-cv-08785 |
| v. | ) ) |
| **The Honorable Abbey Fishman Romanek, Iris Y. Martinez, Clerk of the Circuit Court of Cook County**, and **Cook County, Illinois**, | ) ) ) ) |
| *Defendants*. | ) ) |

## COMPLAINT

Children of the Court, a non-profit corporation, and Conor Paris ("Conor", together "Plaintiffs"), through its counsel, brings the underlying lawsuit for, *inter alia*, violations of Plaintiffs' First and Fourteenth Amendment rights. Plaintiffs are seeking declaratory relief from Defendants Iris Y. Martinez, individually and in her capacity as the Clerk of the Circuit Court of Cook County (the "Clerk"), and the Honorable Abbey Fishman Romanek, individually and in her capacity as the Circuit Judge presiding over courtroom at issue ("Romanek", together "Defendants") for their unlawful exclusion of Paris from public proceedings and violations of his constitutionally protected rights. Plaintiffs are also seeking injunctive relief which would require Defendants to admit Plaintiffs to public court proceedings and prohibit their interference with the same. In support of their Complaint, Plaintiffs allege as follows:

## <u>INTRODUCTION</u>

Children of the Court is a Missouri non-profit corporation, borne from a student project at UCLA, that works with adult children of divorce to reunite those children with the courtrooms and judges that often had an outsized impact on their youth. Conor Paris is one of its beneficiaries.

1

Connor has been brought up in the shadow of litigation and under the ever-looming threat of judicial intervention. Conor, like so many children of divorce, is at risk of a lifetime with a particularly jaded view of the judiciary, a risk nearly ensured by Judge Romanek's refusal to allow him to attend public court proceedings; proceedings where his minor siblings' lawyer was present; and proceedings where his family and his family's personal matters were discussed.

On August 5, 2024, Conor's family's matter was scheduled for a Zoom hearing before Judge Romanek for a routine post-dissolution matter. Conor, as a beneficiary of Children of the Court's services, was supposed to attend the hearing via Zoom, *like all of the other participants that day*, to observe the proceedings and his minor siblings' attorney. When his family's matter was called, Judge Romanek refused to admit Conor, instead remarking "Conor Paris is here. He has no business being here and he shouldn't be here and I am not letting him in. He shouldn't know about court dates." In violation of his Constitutionally protected rights, Conor was never admitted to the August 5, 2024 proceeding.

## THE PARTIES

1.      Plaintiff Children of the Court is a Missouri non-profit corporation.

2.      Plaintiff Conor Paris is a citizen and resident of Illinois residing in Cook County, Illinois and the Northern District of Illinois.

3.      Defendant Abbey Fishman Romanek is a Circuit Judge within the Cook County Circuit Court, an elected representative of the Illinois state judiciary. At all relevant times, Defendant was acting under color of state law and is sued in her individual and official capacity.

4.      Defendant Iris Y. Martinez is the Clerk of the Circuit Court of Cook County, an elected official responsible for managing court records and supporting the judiciary by, *inter alia*,

2

ensuring access to the Cook County Circuit Court.  At all relevant times, Defendant was acting under color of state law and is sued in her individual and official capacity.

5.     Defendant Cook County, Illinois is the local government unit which employed Defendant Iris Y. Martinez in her capacity as the Clerk of the Circuit Court of Cook County, Illinois.

## JURISDICTION AND VENUE

6.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because Plaintiffs allege violations of constitutionally protected rights and privileges.

7.     The Court has personal jurisdiction over Defendants because each of the Defendants have operated and currently operates within the Northern District of Illinois and importantly each of the acts giving rise to the current lawsuit occurred within the Northern District of Illinois.

8.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) because the acts or omissions giving rise to Plaintiffs' claims occurred in this District – specifically, Plaintiffs' constitutionally protected rights were violated within the Northern District of Illinois.

## FACTUAL ALLEGATIONS

9.     Children of the Court was founded by Social Entrepreneurship students and their professor at UCLA in 2023. It is an advocacy group committed to advocating for legal changes that prioritize the assignment of these cases to judges with relevant personal experience to ensure that children's best interests are always considered.

10.    In April 2023, the Hon. Thaddeus L. Wilson of Cook County Circuity Chancery Court entered a settlement agreement in an unrelated matter which retains jurisdiction over enforcing the funding of Children of the Court through April 2033. (Case #2016CH07155, April 28, 2023).

11.    Children of the Court aims to achieve these goals through, *inter alia*, research, advocacy, and collaboration with legal professionals to help judges and understand the unique needs of the children that are impacted by their decisions, resulting in more compassionate and informed decision making. By ensuring judges have the appropriate experience when making parental decisions, Children of the Court seeks to increase the esteem the public has for the judiciary.

12.    Among the programs offered by Children of the Court is the facilitation of visits between *adult* children ("Adult Beneficiary") and the courtrooms where crucial decisions have been made that have impacted their lives.  These visits empower adult children of divorce, enhance their well-being, and foster a sense of trust between the Adult Beneficiaries and the judiciary that has had such a significant impact on their lives. It also ensures the once-mystical and fearsome courtroom is humanized for those most affected and least knowledgeable of it as they become civic-minded participants in society.

13.    On February 7, 2024, Children of the Court's Operations Manager, Elyana Lee, *a UCLA graduate and one of the organization's founding students*, sent letters to judges and their supervisors around the country on behalf of the Adult Beneficiaries.

14.    The letters explained the organization's goals and gave notice that an Adult Beneficiary would be visiting their courtroom with Children of the Court and requested that the recipient judge offer appropriate advice for the visit:

"Before sending [Adult Beneficiaries] to your courtroom, our team would love to sit down and hear your thoughts on how adult children should be thinking about your involvement in their childhood."

A list of recipients and example letters is attached hereto as Exhibit A.

15.     Two of the dozen letters sent to trial courts in California, Illinois, Iowa, and Missouri were sent to Judge Romanek and to the Hon. William Stewart Body of the Cook County Domestic Relations Division.

16.     Judge Boyd arranged a meeting with Directors of Children of the Court and Ms. Lee on March 5, 2024 where he offered constructive advice to the organization.

17.     Upon information and belief, Judge Romanek ignored all communication from Children of the Court. Moreover, none of her supervisors, including Hon. Regina A. Scannicchio (Head of the Domestic Relations Division), Hon. Timothy Evans (Chief Judge of Cook County Circuit Court), the Illinois Supreme Court, or Director Marcia Meis of the Administrative Office of Illinois Courts responded directly to Children of the Court.

18.     The Clerk is an elected official and is responsible for ensuring that the Circuit Court of Cook County, Illinois is accessible to litigants and the public alike.

19.     Conor Paris is the son of Kerry and Martin Paris who are now divorced.

20.     Since his parents' divorce, the post-decree proceedings have been assigned to Cook County Circuit Court Domestic Relations Calendar 94, where Judge Romanek presides. Judge Romanek remains the judge presiding over various post-dissolution matters.

21.     One such post-dissolution proceeding occurred on August 5, 2024 wherein the Court was set to hear the presentation of a motion on Case No.: 2016D004685.

22.     The August 5, 2024 Status, was not a closed proceeding, it was a general status call attended by numerous litigants and attorneys with different matters before the Court – none of which were closed to the public.

5

23.    Conor, as an Adult Beneficiary of Children of the Court, was set to attend the August 5, 2024 proceeding to better understand the decisions of Judge Romanek and the representation his minor siblings were receiving from *Guardian Ad Litem*, Howard Rosenberg. Conor's attendance was facilitated by Children of the Court's Executive Director to ensure Conor understood the proceedings and followed proper courtroom etiquette, particularly as advised by Judge Boyd on March 5, 2024.

24.    Conor was to appear via Zoom, as were a number of litigants, attorneys, and other observers.

25.    Conor was never admitted to the Zoom Session or Courtroom.

26.    When Conor's parents' matter was called, Judge Romanek refused to admit Conor, instead remarking "Conor Paris is here. He has no business being here and he shouldn't be here and I am not letting him in. He shouldn't know about court dates."

27.    Conor was not permitted to observe his family's matter or any of the numerous other matters being heard by Judge Romanek on August 5, 2024.  Moreover, at no point in time did the Court indicate that the proceedings were closed to the public, instead Judge Romanek simply stated that Conor had no business in her court and refused to admit him.

28.    Judge Romanek's remarks were heard by a number of attendees, including Edward "Coach" Weinhaus, *Esq.*, one of Children of the Court's founders and its Executive Director appearing for Children of the Court.

29.    The Clerk failed to ensure that the Circuit Court of Cook County, Illinois was accessible to Conor because, *inter alia*, it failed to ensure Conor was admitted to the August 5, 2024 proceeding.

30.    Conor has been injured as a result of the Defendants' conduct and has sustained humiliation and emotional distress.

31.    Children of the Court has been injured as a result of the Defendants' conduct, particularly reputational damage and interference with its public purpose.

32.    Absent action protecting the rights of free access to courtrooms for the public, especially where an organization is specifically empowered, created, and instructed by judges on how to ensure courtroom etiquette and decorum is followed, the judicial system's credibility will be unnecessarily tarnished by the actions of the Defendants.

33.    Neither the Clerk nor Judge Romanek enjoy either judicial nor qualified immunity because the decision to deprive Conor of his constitutionally protected right was an administrative action and **not** subject to judicial immunity and the right to attend public judicial proceedings is a **well-established** right and its violation is not protected by qualified immunity.

## <u>COUNT I</u>
### Violation of Plaintiffs' First Amendment Rights

34.    Plaintiffs incorporate the above paragraphs by reference as if fully set forth herein.

35.    Defendants, acting under color of state law, deprived Plaintiffs of their rights under the First Amendment to the United States Constitution by denying Conor Paris's admission to a public court proceeding.

36.    Defendants' refusal to admit Conor to the August 5, 2024, proceedings violated a *well-established* First Amendment right, the right to attend public court proceedings, and therefore Defendants are not entitled to qualified immunity.

37.    Defendants' refusal to admit Conor to the August 5, 2024, proceeding is not subject to judicial immunity because, *inter alia*, it was an administrative determination and not part of any judicial proceeding.

7

38.     Children Of the Court's ability to assist the Adult Beneficiaries will be severely compromised without the relief requested herein and has appropriate standing to pursue this claim.

39.     Defendants violated 42 U.S.C. § 1983 when, as persons acting under the color of Illinois law, they deprived Plaintiffs of their rights and privileges as secured by the Constitution of the United States of America.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that this Court:

a.     Enter a judgment declaring that Defendants' actions violated Plaintiffs' rights under the First and Fourteenth Amendments to the U.S. Constitution;

b.     Issue an injunction preventing Defendants from engaging in further unconstitutional conduct;

c.     Award Plaintiffs compensatory and punitive damages in an amount to be determined at trial;

d.     Award Plaintiff reasonable attorney's fees and costs under 42 U.S.C. § 1988; and

e.     Grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury on all issues so triable.


Dated: September 23, 2024                    Respectfully Submitted:

                                             By: /s/ *Adam Florek* _____

                                             Adam Florek
                                             Florek Law, LLC
                                             11 Knollwood Dr.
                                             North Caldwell, New Jersey 07006
                                             Tel: (929) 229-2268

E-mail: aflorek@florekllc.com

Edward "Coach" Weinhaus, Esq.
**LegalSolved, LLC**
11500 Olive Blvd., Suite 133
Saint Louis, Missouri 63141-7126
Tele: (314) 580-9580
E-mail: eaweinhaus@gmail.com

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.1)**
**Eastern Division**

Children of the Court, et al.

                    Plaintiff,

v.                                          Case No.: 1:24−cv−08785
                                            Honorable Lindsay C. Jenkins

Iris Y. Martinez, et al.

                    Defendant.

---

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Thursday, December 19, 2024:

        MINUTE entry before the Honorable Lindsay C. Jenkins: Telephonic motion
hearing held. For the reasons stated on the record, Defendant Abbey Fishman Romanek's
motion to dismiss with prejudice [17] is granted. Defendant Romanek is dismissed with
prejudice and shall be terminated from the docket. Defendants Iris Y. Martinez and Cook
County, Illinois's motion to dismiss [15] is granted without prejudice. Plaintiff may file an
amended complaint by January 17, 2025; Defendants responsive pleading is due by
January 31, 2025. Mailed notice. (kp, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at ***www.ilnd.uscourts.gov***.

```
 1                    IN THE UNITED STATES DISTRICT COURT
                         NORTHERN DISTRICT OF ILLINOIS
 2                              EASTERN DIVISION

 3   CHILDREN OF THE COURT, a        ) Case No. 24 C 8785
     non-profit corporation, AND     )
 4   CONOR PARIS,                     )
                                      )
 5                    Plaintiffs,     )
                                      )
 6              v.                    )
                                      )
 7   ABBEY FISHMAN ROMANEK, et al.,   ) Chicago, Illinois
                                      ) December 19, 2024
 8                    Defendants.     ) 9:35 a.m.

 9          TRANSCRIPT OF PROCEEDINGS - STATUS & MOTION
             BEFORE THE HONORABLE LINDSAY C. JENKINS
10
     APPEARANCES:
11
     For the Plaintiffs        FLOREK LAW, LLC
12   via telephone:            BY:  MR. ADAM J. FLOREK
                               11 Knollwood Drive
13                             North Caldwell, New Jersey  07006

14   For Deft. Romanek         OFFICE OF THE ILLINOIS ATTORNEY
     via telephone:               GENERAL
15                             BY:  MR. MICHAEL J. BRADTKE
                               151 S. LaSalle Street, Suite 2700
16                             Chicago, Illinois  60603

17   For Defts. Clerk of Court COOK COUNTY STATE'S ATTORNEY'S
     and Cook County via          OFFICE
18   telephone:                BY:  MS. SILVIA MERCADO MASTERS
                               50 W. Washington Street, Suite 500
19                             Chicago, Illinois  60602

20   Court Reporter:           JOSEPH RICKHOFF, CSR, RMR, CRR
                               Official Court Reporter
21                             219 S. Dearborn St., Suite 2118
                               Chicago, Illinois  60604
22                             (312) 435-5562
                               joseph_rickhoff@ilnd.uscourts.gov
23
                  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
24
                   PROCEEDINGS RECORDED BY STENOTYPE
25        TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION
```

Case: 1:24-cv-08785 Document #: 25 Filed: 01/13/25 Page 2 of 10 PageID #:78
Case: 25-2526    Document: 13    Filed: 12/26/2025    Pages: 111

2

1    (Proceedings heard in open court by telephone:)

2         THE CLERK:  24 CV 8785, Children of the Court vs.

3    Abbey Fishman Romanek.

4         THE COURT:  Good morning.  Do I have counsel on the

5    line on behalf of Children of the Court?

6         MR. FLOREK:  Good morning, your Honor, Adam Florek, F,

7    as in Frank, l-o-r-e-k, appearing on behalf of children of the

8    court, as well as Mr. Paris.

9         THE COURT:  Good morning.  On behalf of both

10   plaintiffs, good morning.

11        Do I have counsel on the line for defendant -- sorry,

12   give me one moment -- for defendant Abbey Romanek?

13        MR. BRADTKE:  Good morning, your Honor, Michael

14   Bradtke on behalf of Judge Romanek, B-r-a-d-t-k-e.

15        THE COURT:  Good morning.

16        Do I have counsel on the line on behalf of the Clerk

17   of the Court of Cook County, Iris Martinez?

18        MS. MASTERS:  Good morning, your Honor, Assistant

19   State's Attorney Silvia Mercado Masters, M-e-r-c-a-d-o.

20        THE COURT:  And you're also appearing on behalf of the

21   defendant Cook County; do I have that right?

22        MS. MASTERS:  That's correct, Judge.

23        THE COURT:  Okay.  So, we're here this morning on what

24   was intended to be your initial status hearing.  In the

25   interim, after I set that for a hearing, both defendants filed

Case: 1:24-cv-08785 Document #: 25 Filed: 01/13/25 Page 3 of 10 PageID #:79
Case: 25-2526    Document: 13    Filed: 12/26/2025    Pages: 111

3

1   a motion to dismiss.  The plaintiffs have filed a response, and

2   I've looked at that.  I'm going to make a record now by ruling

3   orally on the motion.

4          So, to sum up, both motions to dismiss will be

5   granted, for reasons I'll explain.  Defendant Romanek will be

6   dismissed with prejudice.  And the claims against the remaining

7   defendants -- that is, the Clerk of Court of Cook County and

8   the defendant Cook County -- will mostly be dismissed without

9   prejudice with leave to amend, though there are a number of

10  caveats and guidance that I want to give the plaintiffs from my

11  perspective on how to proceed.

12         So, before I get into my reasons, I just want to make

13  sure that as plaintiff currently sits here, as counsel for

14  plaintiffs currently sit here, having read the motion and

15  responded to it, you intend to proceed with your case.  Is that

16  correct?

17         In other words, the parties haven't otherwise

18  agreed or you haven't otherwise decided to dismiss the case?

19         MR. FLOREK:  No, your Honor.

20         THE COURT:  Okay.  So, I'm going to make a record on

21  my ruling here orally, but both motions to dismiss will be

22  granted.

23         So, the plaintiffs in this case, Children of the Court

24  and Conor Paris, bring a claim for a violation of their First

25  Amendment rights against Judge Romanek, against the Clerk of

Case: 1:24-cv-08785 Document #: 25 Filed: 01/13/25 Page 4 of 10 PageID #:80
Case: 25-2526     Document: 13       Filed: 12/26/2025     Pages: 111

4

1   the Court of Cook County and against Cook County, Illinois.

2   The claim asserts that the defendants violated Section 1983 by

3   preventing plaintiff Conor Paris from accessing Judge Romanek's

4   courtroom during a Zoom status conference in the case.  And the

5   plaintiffs seek, among other things, declaratory, injunctive,

6   and compensatory relief.  There are a couple of grounds raised

7   by both motions to dismiss, and I'll address all of those

8   issues here now.

9        The first issue is standing.  And there is a

10  significant standing problem, certainly as to plaintiff

11  Children of the Court.  And while I don't have great confidence

12  that an injury could be alleged, I will dismiss with the

13  opportunity to amend to allege additional facts which might

14  establish standing with respect to plaintiff Children of the

15  Court.

16        So, to establish standing, a plaintiff has to allege

17  an injury in fact that's traceable to the defendant and likely

18  to be redressed by a favorable decision from the Court.  So,

19  standing requires sufficient injury in fact; that is, one that

20  is concrete and particularized, actual or imminent, and not

21  conjectural or hypothetical.  To be particularized, the injury

22  must affect the plaintiff in a personal and individual way.

23  And that means that, according to the Supreme Court, the injury

24  cannot be general and undifferentiated.

25        As least as currently pled, Children of the Court lack

Case: 1:24-cv-08785 Document #: 25 Filed: 01/13/25 Page 5 of 10 PageID #:81
Case: 25-2526    Document: 13    Filed: 12/26/2025    Pages: 111

5

1    standing because its only allegation of harm is insufficiently

2    supported by factual allegations.  The complaint alleges at

3    Paragraph 35 that Children of the Court has been injured as a

4    result of the defendants' conduct, particularly reputational

5    damage and interference with its public purpose.  It's not

6    enough under the standing requirements to say that your

7    reputation was harmed without explaining how.  And I would cite

8    to *Crabtree vs. Experian*, 948 F.3d 872.  That's a Seventh

9    Circuit case from 2020.

10          I understand that Children of the Court's response to

11   the motion to dismiss expands upon its belief as to how it's

12   been injured, including by describing how Judge Romanek's

13   decision injured its ability to fundraise in the future and

14   attract volunteers.  But even if that injury were sufficiently

15   concrete and non-speculative, you couldn't amend your complaint

16   through briefing, which is why I'm going to give you an

17   opportunity to amend.

18          That procedural wrinkle aside, overall, Children of

19   the Court's allegations of reputational harm and interference

20   really boil down to an argument that a sitting state court

21   judge, the Clerk of the Court, and Cook County violated First

22   Amendment rights by denying access to the Court.  But the

23   Seventh Circuit has explained that an injury to an individual's

24   right to have the government follow the law without more is a

25   generalized grievance that cannot support standing no matter

Case: 1:24-cv-08785 Document #: 25 Filed: 01/13/25 Page 6 of 10 PageID #:82
Case: 25-2526    Document: 13    Filed: 12/26/2025    Pages: 111

6

1    how sincere that grievance is held.  And for that, I would cite

2    *Bost, B-o-s-t, vs. Illinois State Board of Elections*, 114 F.4th

3    634 at Page 640.  That's a Seventh Circuit case from this year.

4          So, because so far, the only grievances alleged are

5    general grievances and there has been no showing of a

6    sufficiently concrete and particularized injury to support

7    Article III standing, the complaint is dismissed on that

8    ground.

9          Second, Judge Romanek, who will be dismissed with

10   prejudice, is entitled to absolute judicial immunity on all

11   claims.  For that, I would cite a case from 1871, *Bradley vs.*

12   *Fisher*, 80 U.S. 335.  Immunity falls away only if the judge

13   acts in clear absence of all jurisdiction.  It's not enough

14   that the judge might have been wrong, might have even been

15   acting maliciously, or acted in excess of her authority.

16         The plaintiffs argue that judicial immunity doesn't

17   apply because Judge Romanek acted administratively.  There's a

18   case *Forrester vs. White* from 1988 that recognizes some

19   immunity exceptions in the case of administrative decisions.

20   But there are three factors the Seventh Circuit considers when

21   deciding whether a judge is entitled to judicial immunity.

22   One, whether the act or decision involves the exercise of

23   discretion or judgment or is a ministerial act; two, whether

24   the act is normally performed by a judge; and, three, the

25   expectations of the parties; that is, whether the parties dealt

Case: 1:24-cv-08785 Document #: 25 Filed: 01/13/25 Page 7 of 10 PageID #:83
Case: 25-2526    Document: 13    Filed: 12/26/2025    Pages: 111

7

1   with the judge as a judge.  And I would cite *Dawson v. Newman*,

2   419 F.3d 656.  That's a Seventh Circuit case from 2005.

3          All three of those factors would point to the

4   application of absolute judicial immunity here.  The allegation

5   is that the judge injured them -- injured the plaintiffs --

6   because during a court call, she prevented the plaintiff Paris

7   Conor from entering a Zoom hearing.  But that by definition is

8   a judge acting within her role as a judge.  She was on the

9   bench.  She was hearing and deciding cases.  And trial judges

10  have wide latitude to control courtroom atmosphere and

11  litigants who appear before them.  That's *United States Vs.*

12  *Mannie*.

13         So, the judge is dismissed from the case with

14  prejudice.

15         The defendants also seek immunity for the defendant

16  Clerk of the Court and Cook County.  Cook County is by

17  extension, of course.  But even taking the plaintiffs'

18  allegations as true, they have not stated a claim against the

19  Clerk.  The complaint contains no allegations that the Clerk

20  had any role in facilitating or executing the judge's decision

21  not to admit Mr. Conor into the Zoom hearing.  They simply

22  argue or allege that the Clerk's role was to support the

23  judiciary by allowing access to the Circuit Court of Cook

24  County.  But that's not sufficient to state a claim because it

25  doesn't support the inference that the Clerk had any role in

Case: 1:24-cv-08785 Document #: 25 Filed: 01/13/25 Page 8 of 10 PageID #:84
Case: 25-2526    Document: 13    Filed: 12/26/2025    Pages: 111

8

1    executing the judge's decision.  And even if the Clerk of Court

2    had a role, the complaint plausibly suggests that the Clerk

3    would have simply been acting on the direction of the judge.

4    And that suggests quasi-judicial immunity.  And I would cite

5    *Richman v. Sheahan*, 270 F.3d 430, a 2001 case from the Seventh

6    Circuit.

7        I want to make two other very brief points, and then

8    I'll stop.  Because assuming that plaintiff amends, he needs --

9    they need to be aware of at least the following two other

10   impediments or hurdles that I see.  One, Section 1983 does not

11   permit injunctive relief in this context.  *Haas v. Wisconsin*,

12   109 Fed.Appx. 107.  That's a Seventh Circuit case from 2004.

13   In 1996, Congress amended 1983 to expressly provide that

14   injunctive relief is not available in an action brought against

15   a judicial officer for an act or omission taken in that

16   officer's judicial capacity.

17       And finally -- and I say this for the benefit of any

18   future filings -- there is a significant federal ism concern

19   raised by this case.  The plaintiffs are asking me, through

20   this lawsuit, to direct a state court judge to work

21   collaboratively with the Children of the Court to facilitate

22   the plaintiffs' mission.  They're essentially asking me to tell

23   a state court judge how to run her courtroom.  That implicates

24   federalism concerns.  And the complaint itself suggests no

25   reason to believe that an intrusion like that would be

Case: 1:24-cv-08785 Document #: 25 Filed: 01/13/25 Page 9 of 10 PageID #:85
Case: 25-2526    Document: 13    Filed: 12/26/2025    Pages: 111

9

1   warranted or necessary.  In other words, the relief you seek

2   from the federal court runs contrary to equity, comity, and

3   federalism principles under the abstention doctrines.  And

4   before refiling, I'd encourage you to look at *J.B. vs.*

5   *Woodward*, 997 F.3d 714 at Page 723.  That's a Seventh Circuit

6   case from 2021.

7           All right.  I am not going to set a fact discovery

8   schedule as I ordinarily would.  I will set a date for

9   plaintiffs to file an amended complaint.

10          So, counsel, on behalf of plaintiffs, is January --

11  I'm counting for the holidays.  Is January 10th enough time?

12          MR. FLOREK:  Well, your Honor, I'd respectfully

13  request until the 17th.

14          THE COURT:  Certainly.  No problem.  So, any amended

15  pleading should be filed by January 17th.

16          I will give defendants -- the remaining defendants --

17  course, Judge Romanek is no longer a defendant.  But the

18  remaining defendants may file their responsive pleading -- I'll

19  set the date for January 31st.  I know that you may need to see

20  the material before you file something.  But for now, any

21  responsive pleadings by the remaining defendants are due

22  January 31st.

23          I'll give you further direction once we see what's

24  filed and what the defendants file in response.  If I need to

25  set deadlines, I'll do so.  But any responsive pleading to the

Case: 1:24-cv-08785 Document #: 25 Filed: 01/13/25 Page 10 of 10 PageID #:86
Case: 25-2526    Document: 13    Filed: 12/26/2025    Pages: 111

10

1    amended complaint is due by January 31st.

2              Is there anything else on behalf of the plaintiffs we

3    should address this morning?

4              MR. FLOREK:  No, your Honor.

5              THE COURT:  And on behalf of defendant Romanek?

6              MR. BRADTKE:  Thank you.

7              THE COURT:  If you said something, I'm sorry, I didn't

8    catch it.

9              MR. BRADTKE:  Nothing further, your Honor.  Thank you.

10             THE COURT:  Thank you.

11             And on behalf of defendant Clerk of Court and Cook

12   County, Ms. Mercado, anything further?

13             MS. MASTERS:  Nothing further, Judge.  Thank you.

14             THE COURT:  Thanks so much.  Have a good day.

15             MR. BRADTKE:  Thank you, your Honor.

16             MS. MASTERS:  Thank you.

17        (Proceedings concluded at 9:50 a.m.)

18                          *     *     *     *     *

19

20   I certify that the foregoing is a correct transcript from the
     record of proceedings in the above-entitled matter.

21

22
     /s/ Joseph Rickhoff                        January 2, 2025
23   Official Court Reporter

24

25

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **Children of the Court**, *a non-profit corporation*, and **Conor Paris**, | ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | Case No: 1:24-cv-08785 |
| | ) | Judge: Hon. Lindsay C. Jenkins |
| **Timothy C. Evans**, *individually and in his representative capacity as Chief Judge of* **The Circuit Court of Cook County** and **Cook County, Illinois**, | ) ) ) ) ) | |
| *Defendants*. | ) | |

### AMENDED COMPLAINT

Children of the Court, a non-profit corporation, and Conor Paris ("Conor", together "Plaintiffs"), file their Amended Complaint for, *inter alia*, violations of Plaintiffs' First and Fourteenth Amendment rights. Plaintiffs are seeking declaratory relief from Timothy C. Evans*, individually and in his representative capacity as Chief Judge of* The Circuit Court of Cook County and Cook County, Illinois for their unlawful exclusion of Conor from public proceedings and violations of his constitutionally protected rights. In support of their Amended Complaint, Plaintiffs allege as follows:

### <u>INTRODUCTION</u>

Children of the Court is a Missouri non-profit corporation, born from a student project at UCLA, that works with adult children of divorce to reunite those children with the courtrooms and judges that often had an outsized impact on their youth. Conor Paris is one of its beneficiaries. Conor has been brought up in the shadow of litigation and under the ever-looming threat of judicial intervention. Conor, like so many children of divorce, is at risk of a lifetime with a particularly jaded view of the judiciary, a risk nearly ensured by Judge Abbey Fishman Romanek's ("Judge

1

Romanek") refusal to allow him to attend public court proceedings; proceedings where his minor siblings' lawyer was present; and proceedings where his family and his family's personal matters were discussed.

On August 5, 2024, Conor's family's matter was scheduled for a Zoom hearing before Judge Romanek for a routine post-dissolution matter. Conor, as a beneficiary of Children of the Court's services, was supposed to attend the hearing via Zoom, *like all of the other participants that day*, to observe the proceedings and his minor siblings' attorney. When his family's matter was called, Judge Romanek refused to admit Conor, instead remarking "Conor Paris is here. He has no business being here and he shouldn't be here and I am not letting him in. He shouldn't know about court dates." In violation of his Constitutionally protected rights, Conor was never admitted to the August 5, 2024 proceeding.

These injuries were compounded after this lawsuit was filed when Judge Romanek's decision that Conor did not have the right to attend otherwise public proceedings was extended to Children of the Court's founder for subsequent public proceedings. On September 25, 2024, Edward "Coach" Weinhaus, *Esq.*, one of Children of the Court's founders and its Executive Director, was appearing for Children of the Court to observe Conor's family's proceedings but was summarily denied admittance, *after* the undersigned counsel notified Judge Romanek of this action.

## THE PARTIES

1.     Plaintiff Children of the Court is a Missouri non-profit corporation.

2.     Plaintiff Conor Paris is a citizen and resident of Illinois residing in Cook County, Illinois and the Northern District of Illinois.

3.      Defendant Timothy C. Evans ("Judge Evans"), is the Chief Circuit Judge for the Cook County Circuit Court, an elected representative of the Illinois state judiciary and the elected administrator of the Circuit Court of Cook County.  At all relevant times, Defendant Timothy C. Evans was acting under color of state law and is sued in his individual and official capacity.

4.      Defendant Iris Y. Martinez is the Clerk of the Circuit Court of Cook County, an elected official responsible for managing court records and supporting the judiciary by, *inter alia*, ensuring access to the Cook County Circuit Court.  At all relevant times, Defendant was acting under color of state law and is sued in her individual and official capacity.

5.      Defendant Cook County, Illinois is the local government unit which employed Defendant Iris Y. Martinez in her capacity as the Clerk of the Circuit Court of Cook County, Illinois.

<u>**JURISDICTION AND VENUE**</u>

6.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because Plaintiffs allege violations of constitutionally protected rights and privileges.

7.      The Court has personal jurisdiction over Defendants because each of the Defendants have operated and currently operates within the Northern District of Illinois and importantly each of the acts giving rise to the current lawsuit occurred within the Northern District of Illinois.

8.      Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) because the acts or omissions giving rise to Plaintiffs' claims occurred in this District – specifically, Plaintiffs' constitutionally protected rights were violated within the Northern District of Illinois.

3

**FACTUAL ALLEGATIONS**

9.      Children of the Court was founded by Social Entrepreneurship students and their professor at UCLA in 2023. It is an advocacy group committed to advocating for administrative changes to judicial systems to prioritize the assignment of these cases to judges with relevant personal experience to ensure that children's best interests are always considered.

10.     In April 2023, the Hon. Thaddeus L. Wilson of Cook County Circuity Chancery Court entered a settlement agreement in an unrelated matter which retains jurisdiction over enforcing the funding of Children of the Court through April 2033. (Case #2016CH07155, April 18, 2023).

11.     Children of the Court aims to achieve these goals through, *inter alia*, research, advocacy, and collaboration with legal professionals to help judges and understand the unique needs of the children that are impacted by their decisions, resulting in more compassionate and informed decision making. By ensuring judges have the appropriate experience when making parental decisions, Children of the Court seeks to increase the esteem the public has for the judiciary.

12.     Among the programs offered by Children of the Court is the facilitation of visits between *adult* children ("Adult Beneficiary") and the courtrooms where crucial decisions have been made that have impacted their lives.  These visits empower adult children of divorce, enhance their well-being, and foster a sense of trust between the Adult Beneficiaries and the judiciary that has had such a significant impact on their lives. It also ensures the once-mystical and fearsome courtroom is humanized for those most affected and least knowledgeable of it as they become civic-minded participants in society.

4

13.    On February 7, 2024, Children of the Court's Operations Manager, Elyana Lee, *a UCLA graduate and one of the organization's founding students*, sent letters to judges and their supervisors around the country on behalf of the Adult Beneficiaries.

14.    The letters explained the organization's goals and gave notice that an Adult Beneficiary would be visiting their courtroom with Children of the Court and requested that the recipient judge offer appropriate advice for the visit:

> "Before sending [Adult Beneficiaries] to your courtroom, our team would love to sit down and hear your thoughts on how adult children should be thinking about your involvement in their childhood."

A list of recipients and example letters is attached hereto as <u>Exhibit A</u>.

15.    Two of the dozen letters sent to trial courts in California, Illinois, Iowa, and Missouri were sent to Judge Romanek and to the Hon. William Stewart Body of the Cook County Domestic Relations Division.

16.    Judge Boyd arranged a meeting with Directors of Children of the Court and Ms. Lee on March 5, 2024 where he offered constructive advice to the organization.

17.    Upon information and belief, Judge Romanek ignored all communication from Children of the Court. Moreover, none of her supervisors, including Hon. Regina A. Scannicchio (Head of the Domestic Relations Division), Defendant the Hon. Timothy Evans (Chief Judge of Cook County Circuit Court), the Illinois Supreme Court, or Director Marcia Meis of the Administrative Office of Illinois Courts responded directly to Children of the Court.

18.    The Clerk is an elected official and is responsible for ensuring that the Circuit Court of Cook County, Illinois is accessible to litigants and the public alike.

19.    Conor Paris is the son of Kerry and Martin Paris who are now divorced, as well as an Adult Beneficiary of Children of the Court.

20.     As an Adult Beneficiary of Children of the Court, Conor was the recipient of instructions on how to conduct himself and access the public proceedings – he was the beneficiary of Children of the Court's time and efforts using funds court-ordered by Judge Wilson.

21.     Since his parents' divorce, the post-decree proceedings have been assigned to Cook County Circuit Court Domestic Relations Calendar 94, where Judge Romanek presides. Judge Romanek remains the judge presiding over any post-dissolution matters that arise between the parents until Conor's youngest sibling emancipates.

22.     One such post-dissolution proceeding occurred on August 5, 2024 wherein the Court was set to hear the presentation of a motion on Case No.: 2016D004685.

23.     The August 5, 2024 Status Hearing, was not a closed proceeding, it was a general status call attended by numerous litigants and attorneys with different matters before the Court – none of which were closed to the public.

24.     Conor, as an Adult Beneficiary of Children of the Court, was set to attend the August 5, 2024 proceeding to better understand the decisions of Judge Romanek and the representation his minor siblings were receiving from *Guardian Ad Litem*, Howard Rosenberg. Conor's attendance was facilitated by Children of the Court's Executive Director to ensure Conor understood the proceedings and followed proper courtroom etiquette, particularly as advised by Judge Boyd on March 5, 2024.

25.     Conor was to appear via Zoom, as were a number of other litigants, attorneys, and other observers.

26.     Conor was never admitted to the Zoom Session or Courtroom.

27.     When Conor's parents' matter was called, Judge Romanek refused to admit Conor, instead remarking "Conor Paris is here. He has no business being here and he shouldn't be here and I am not letting him in. He shouldn't know about court dates."

28.     Conor was not permitted to observe his family's matter or any of the numerous other matters being heard by Judge Romanek on August 5, 2024.  Moreover, at no point in time did the Court indicate that the proceedings were closed to the public, instead Judge Romanek simply stated that Conor had no business in her court and refused to admit him.

29.     Judge Romanek's remarks were heard by a number of attendees, including Edward "Coach" Weinhaus, *Esq.*, one of Children of the Court's founders and its Executive Director appearing for Children of the Court.

30.     As a result of Judge Romanek's unconstitutional conduct, on September 23, 2024, Plaintiffs filed their original Complaint in this matter alleging violations of their First Amendment Rights as secured by the Constitution of these United States.

31.     On September 24, 2024, Plaintiffs' Counsel sent an e-mail to Judge Romanek's chambers notifying her that Children of the Court and Conor Paris would be attending the proceeding on the following day, September 25, 2024.

32.     Thereafter, on September 25, 2024, Judge Romanek denied entry to Edward "Coach" Weinhaus, *Esq.*, individually and in his capacity as Children of the Court's Executive Director, wherein he was attempting to observe an otherwise public hearing, particularly to assist in counseling Conor Paris, and other Adult Beneficiaries whose parents have pledged to send their children into courtrooms to observe upon reaching the age of majority.

33.     As a result of Judge Romanek's refusal to admit either Conor or Children of the Court, through its representative, to the Hearings, damaged:

7

a. Children of the Court's reputation as an advocacy group working towards changes within the judiciary;

b. Children of the Court's reputation and, as a result, its ability to attract third party volunteers and donors to enable its activities;

c. Children of the Court's ability to counsel existing Adult Beneficiaries by denying it access to public proceedings; and

d. Children of the Court's ability to counsel future Adult Beneficiaries by denying it access to public court proceedings.

34.    While preventing Children of the Court from satisfying its court-created public purpose – because judges refuse to admit it and/or its Adult Beneficiaries –Children of the Court is less able or completely unable to attract volunteers, participating parent pledgers, Adult Beneficiaries like Conor, or further funding.

35.    Here, Judge Romanek's decision to exclude Conor on August 5, 2024 and then Edward "Coach" Weinhaus, *Esq.*, individually and in his capacity as Children of the Court's Executive Director, on September 25, 2024, after receiving notice from Plaintiffs' Counsel, without reason or justification has damaged Children of the Court's reputation as an advocacy group capable of helping children within the court system.

36.    Further, these constitutional violations have required Children of the Court to spend time at significant cost to attend Court proceedings where it is not allowed, its Executive Director is not allowed, and/or its Adult Beneficiary is not allowed to observe or participate.

37.    The Clerk failed to ensure that the Circuit Court of Cook County, Illinois was accessible to Conor because, *inter alia*, it failed to ensure Conor was admitted to the August 5, 2024 Hearing.

8

38.     Conor has been injured as a result of the Defendants' conduct and has sustained humiliation and emotional distress.

39.     Children of the Court has been injured as a result of the Defendants' conduct, particularly reputational damage and interference with its public purpose as well as wasted resources spent attempting to attend a public proceeding or provide its services to an Adult Beneficiary attempting to observe a public proceeding.

40.     Moreover, the decision by Judge Romanek to close her courtroom was the opening salvo in plans to limit accessibility to the Cook County Domestic Relations Division.[1]

41.     Absent action protecting the rights of free access to courtrooms for the public, especially where an organization is specifically empowered, created, and instructed by judges on how to ensure courtroom etiquette and decorum is followed, the judicial system's credibility will be unnecessarily tarnished by the actions of the Defendants.

42.     Judge Evans, as the Chief Judge of the Circuit Court, has significant administrative and judicial responsibilities including supervising the judges under his charge and ensuring litigants and the public have access to the Court.

43.     Judge Evans had and continues to have an affirmative obligation to supervise Judge Romanek's conduct, including her management of her courtroom and the public's access to the same.

44.     Judge Evans, in his capacity as the Circuit Court of Cook County's Chief Judge, failed to supervise Judge Romanek and ensure that the public maintained access to her Courtroom.

---

1.    As a reaction to this lawsuit and the heightened scrutiny the Division has been under, Supervising Judge Hon. Regina Scannicchio has instituted a plan to terminate any virtual appearances, a plan opposed by more than 180 attorneys that routinely practice within the division.  See December 12, 2024 Letter Re: Zoom Court Proceedings, attached as Exhibit B.

## COUNT I
### Violation of Plaintiffs' First Amendment Rights

45.     Plaintiffs incorporate the above paragraphs by reference as if fully set forth herein.

46.     Defendants, acting under color of state law, deprived Plaintiff Conor Paris of his rights under the First Amendment to the United States Constitution by denying him admission to a public court proceeding.

47.     Defendants, acting under color of state law, deprived Plaintiff Children of the Court of its rights under the First Amendment to the United States Constitution by denying Children of the Court's representative admission to a public court proceeding.

48.     Defendants' refusal to admit Conor to the August 5, 2024, proceedings violated a *well-established* First Amendment right, the right to attend public court proceedings, and therefore Defendants are not entitled to qualified immunity.

49.     Defendants' refusal to admit Children of the Court to the September 25, 2024, proceedings violated a *well-established* First Amendment right, the right to attend public court proceedings, and therefore Defendants are not entitled to qualified immunity.

50.     Defendants' refusal to admit Plaintiff to either the August 5, 2024 or September 25, 2024 proceedings are not subject to judicial immunity because, *inter alia*, Judge Evans was not acting in a judicial capacity, he was acting in a supervisory capacity, the exact capacity in which he was contacted by Children of the Court prior to the events described herein via the latter described in Exhibit A.

51.     Children Of the Court's ability to assist the Adult Beneficiaries will be severely compromised without the relief requested herein and has appropriate standing to pursue this claim.

52.     Children of the Court has experienced harm.

53.      Defendants violated 42 U.S.C. § 1983 when, as persons acting under the color of Illinois law, they deprived Plaintiffs of their rights and privileges as secured by the Constitution of the United States of America.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs respectfully request that this Court:

a.      Enter a judgment declaring that Defendants' actions violated Plaintiffs' rights under the First and Fourteenth Amendments to the U.S. Constitution;

b.      Award Plaintiffs compensatory and punitive damages in an amount to be determined at trial;

c.      Award Plaintiff reasonable attorney's fees and costs under 42 U.S.C. § 1988; and

d.      Grant such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury on all issues so triable.


Dated: January 24, 2025                    Respectfully Submitted:

                                           By: /s/ *Adam Florek*_____

                                           Adam Florek
                                           Florek Law, LLC
                                           11 Knollwood Dr.
                                           North Caldwell, New Jersey 07006
                                           Tel: (929) 229-2268
                                           E-mail: aflorek@florekllc.com

                                           Edward "Coach" Weinhaus, Esq.
                                           **LegalSolved, LLC**
                                           11500 Olive Blvd., Suite 133
                                           Saint Louis, Missouri 63141-7126
                                           Tele: (314) 580-9580
                                           E-mail: eaweinhaus@gmail.com

9/21/24, 7:20 PM
Judges | Children of the Court
Case: 1:24-cv-08785 Document #: 29-1 Filed: 01/24/25 Page 1 of 9 PageID #:104
Case: 25-2526    Document: 13    Filed: 12/26/2025    Pages: 111





**Children Holding Courts Accountable**

# JUDGES

<u>Letters Sent</u> (as of Feb. 7, 2024)

| Trial Court Judges | Parent Pledge Letters | Parent Pledge Letters to Supervisors | County | State |
|---|---|---|---|---|
| Hon. Regina A. Scannicchio | 1 | 3 | Cook | Illinois |
| Hon. Matthew Link | 2 | 6 | Cook | Illinois |
| Hon. Karen J. Bowes | 1 | 4 | Cook | Illinois |
| Hon. Abbey Fishman Romanek | 1 | 4 | Cook | Illinois |
| Hon. Daniel Segura | 1 | 4 | San Diego | California |
| Hon. Edward Arce | 1 | 4 | Cook | Illinois |
| Hon. Gregory Ahern, Jr. | 1 | 4 | Cook | Illinois |
| Hon. William Stewart Boyd | 1 | 4 | Cook | Illinois |
| Hon. Douglas R Beach (Ret.) | 1 | 4 | St. Louis | Missouri |
| Hon. Crystal Cronk | 1 | 4 | Keokuk | Iowa |

| Court Supervising Judges | Parent Pledge Supervised Judges | Parent Pledge Supervision Letters | County | State |
|---|---|---|---|---|
| Hon. Regina A. Scannicchio | 6 | 7 | Cook | Illinois |
| Chief Judge Myron Gookin | 1 | 1 | 8th Jud. | Iowa |
| Chief Judge Timothy Evans | 7 | 8 | Cook | Illinois |
| Hon. Jason D. Dodson | 1 | 1 | St. Louis Cnty | Missouri |
| Presiding Judge Mary Elizabeth Ott | 1 | 1 | St. Louis Cnty | Missouri |
| Hon. Earl H. Maas III | 1 | 1 | San Diego | California |
| Presiding Judge Maureen F. Hallahan | 1 | 1 | San Diego | California |
| Hon. Brad A. Weinreb | 1 | 1 | San Diego | California |

| State Supervisory Bodies | Parent Pledge Supervised Judges | Parent Pledge Supervision Letters | STATE |
|---|---|---|---|
| Supreme Court of Missouri | 1 | 1 | Missouri |
| Director Kathy S. Lloyd, Missouri State Court Administration | 1 | 1 | Missouri |
| Director Marcia M. Meis, Admin. Office of Illinois Courts (AOIC) | 7 | 1 | Illinois |
| Supreme Court of Illinois | 7 | 1 | Illinois |
| Chief Justice Patricia Guerrero, Supreme Court of California | 1 | 1 | California |
| Director Shelley Curran, Judicial Council of California | 1 | 1 | California |
| Iowa Supreme Court | 1 | 1 | Iowa |
| Director Bob Gast, Iowa Court Administration | 1 | 1 | Iowa |

The Trial Court Judges have received letters from our organization informing them that one or more adult children who were once minors over whom they adjudicated in family court will be coming back to visit their courtroom as observers.

The Court Supervising Judges who have received letters from our organization discussing intelligent case assignments and adult children visits.

The State Supervisory Bodies who have received letters from our organization requesting meetings to discuss intelligent case assignments.

# Sample Letters

9/21/24, 7:20 PM

Case: 1:24-cv-08785 Document #: 29-1 Filed: 01/24/25 Page 4 of 9 PageID #:107
Case: 25-2526     Document: 13     Filed: 12/26/2025     Pages: 111



*From the Desk of the Executive Director*

February 7, 2024

Dear Hon. William Stewart Boyd:

This letter is to inform you that one or more adult children, who were once minors over whom you adjudicated in family court, will be coming back to visit your courtroom as observers.

One or more of their parents has taken the ChildrenOfTheCourt.org Parent Pledge to financially support their visit. Our organization trains the now-adults on courtroom etiquette. To ensure there is no interference with the administration of justice on any active case, we do not release the names of our pledge takers. Parents take the Parent Pledge at pledge@childrenofthecourt.org .

Before sending them to visit your courtroom, our team would love to sit down and hear your thoughts on how adult children should be thinking about your involvement in their childhood.

Please feel free to communicate via email in order to schedule a time to speak with a representative from our organization.

A letter initiating a discussion regarding case assignment methods and oversight will also be sent to other trial court judges overseeing the case, as well as supervising judges and court administrators.

*/s/ Elyana J. Lee*
Elyana Lee - Founding Operations Manager
ChildrenOfTheCourt.org
Operations@childrenofthecourt.org

ABOUT CHILDREN OF THE COURT
Our organization is the recipient of 10 years' worth of funding thanks to the order of Cook County Circuit Court Judge the Hon. Thaddeus L. Wilson in case #2016 CH 07155. We support the mission stated above and work with court administrators to ensure that judges who rule on parenting have adequate parenting experience themselves through intelligent case assignments.

PLEASE SEE A RUNNING LIST OF LETTERS SENT AS OF TODAY'S DATE

9/21/24, 7:20 PM

Case: 1:24-cv-08785 Document #: 29-1 Filed: 01/24/25 Page 5 of 9 PageID #:108
Case: 25-2526      Document: 13      Filed: 12/26/2025      Pages: 111



*From the Desk of the Executive Director*

February 7, 2024

Dear Chief Judge Myron Gookin:

This letter is to inform you that one or more adult children, who were once minors over whom the Hon. Crystal Cronk adjudicated in family court, will be coming back to visit the judge's courtroom as observers.

One or more of their parents has taken the ChildrenOfTheCourt.org Parent Pledge to financially support their visit. Our organization trains the now-adults on courtroom etiquette. To ensure there is no interference with the administration of justice on any active case, we do not release the names of our pledge takers. Parents take the Parent Pledge at pledge@childrenofthecourt.org .

Before sending them to visit the courtroom, our team would love to sit down and hear your thoughts on how adult children should be thinking about the judge's involvement in their childhood. In addition, due to your supervisory role, we would like to discuss with you how case assignments work in your courts and what methods of oversight you practice.

Please feel free to communicate via email in order to schedule a time to speak with a representative from our organization.

**/s/ Elyana J. Lee**
Elyana Lee - Founding Operations Manager
ChildrenOfTheCourt.org
Operations@childrenofthecourt.org

ABOUT CHILDREN OF THE COURT
Our organization is the recipient of 10 years' worth of funding thanks to the order of Cook County Circuit Court Judge the Hon. Thaddeus L. Wilson in case #2016 CH 07155. We support the mission stated above and work with court administrators to ensure that judges who rule on parenting have adequate parenting experience themselves through intelligent case assignments.



*From the Desk of the Executive Director*

February 7, 2024

Dear Chief Justice Patricia Guerrero and the Supreme Court of California:

This letter is to inform you that one or more adult children, who were once minors over whom the Hon. Daniel Segura adjudicated in family court, will be coming back to visit the judge's courtroom as observers.

One or more of their parents has taken the ChildrenOfTheCourt.org Parent Pledge to financially support their visit. Our organization trains the now-adults on courtroom etiquette. To ensure there is no interference with the administration of justice on any active case, we do not release the names of our pledge takers. Parents take the Parent Pledge at pledge@childrenofthecourt.org .

Before sending them to visit the courtroom, our team would love to sit down and hear your thoughts on how adult children should be thinking about the judge's involvement in their childhood. In addition, due to your supervisory role, we would like to discuss with you how case assignments work in your courts and what methods of oversight you practice.

Please feel free to communicate via email in order to schedule a time to speak with a representative from our organization.

**/s/ Elyana J. Lee**
Elyana Lee - Founding Operations Manager
ChildrenOfTheCourt.org
Operations@childrenofthecourt.org

ABOUT CHILDREN OF THE COURT
Our organization is the recipient of 10 years' worth of funding thanks to the order of Cook County Circuit Court Judge the Hon. Thaddeus L. Wilson in case #2016 CH 07155. We support the mission stated above and work with court administrators to ensure that judges who rule on parenting have adequate parenting experience themselves through intelligent case assignments.

**Judge William Stewart Boyd — IL**

**Chief Judge Myron Gookin — IA**

**Chief Justice Patricia Guerrero — CA**

## Meetings with Judges

Case: 1:24-cv-08785 Document #: 29-1 Filed: 01/24/25 Page 8 of 9 PageID #:111
Case: 25-2526     Document: 13      Filed: 12/26/2025     Pages: 111



### Outreach Meeting #1 — March 5th, 2024

Our organization was blessed to conduct a meaningful discussion with Judge William Stewart Boyd on March 5th regarding Children of the Court. The focus was particularly on advice to adult children visiting the former courtroom where their fates were decided. Judge Boyd offered valuable insight, advising us to proactively reach out to judges ahead of time when sending grown children to a judge's courtroom, allowing for moments of personal interaction.

Children of the Court looks forward to following up with Judge Boyd in the future regarding intelligent case assignment and strategic steps for the organization's advancement.

## INQUIRE

9/21/24, 7:20 PM                    Judges | Children of the Court

Copyright 2024 | Developed by Judiciocracy LLC | **privacy policy**

VIA EMAIL ONLY

December 12, 2024

Hon. Regina A. Scannicchio
Richard J. Daley Center
Courtroom 1905
50 West Washington Street
Chicago, IL 60602
ccc.domrelcr1905@cookcountyil.gov
cc: Patricia.Kelly@cookcountyil.gov

Re: Zoom Court Proceedings

Dear Judge Scannicchio:

This letter is written to communicate our concerns regarding Zoom versus certain calendars' upcoming required in-person court attendance as a group of practitioners in the Domestic Relations Division of Cook County.

We recognize that the last four years have brought unprecedented challenges and changes to the practice of law. We appreciate your careful consideration of these concerns, and we are happy to meet to discuss this process in greater detail and to provide a perspective from practitioners in this area. Doing so would enable us to work together to address concerns that the judiciary and practitioners may have regarding the use of Zoom court.

Our concerns with returning to in-person courtroom attendance are noted, as follows:

> First, permitting Zoom attendance at simple status dates or routine non-evidentiary hearings is significantly more cost-effective for litigants who retain attorneys. A Zoom court appearance can be completed in significantly less time than an in-person court appearance. It is also possible to attend to other work while waiting for a case to be called on Zoom, allowing practitioners to not bill for attorney waiting time.

> Second, Zoom court provides increased access to justice for Self-Represented Litigants in that it is much easier to attend Zoom court, allowing litigants to not take a day off work, and pay for transportation or parking. Eliminating Zoom court will disproportionately impact low-income and minority communities.

> Third, Zoom attendance permits cases to move more expeditiously. Specifically, it is possible to attend multiple Zoom courtrooms in one morning, sometimes in different counties. This permits practitioners to set cases for status more quickly instead of practitioners being limited to schedule matters to those which they can physically attend.

Fourth, Zoom attendance permits practitioners to manage significant work-life balance. Zoom court has been particularly beneficial for practitioners who are parents or other caregivers, particularly parents of special needs children. Parents have better ability to take children to activities, pick them up from school, etc., and still timely make their Zoom court obligations.

Fifth, Zoom attendance avoids the risk of transmitting illness(es) that cannot be avoided to the same extent while we are all packed into the Daley Center elevators and waiting during massive status calls.

Sixth, it is our understanding there are less deputies available in the courtrooms. In order to appear in person, the safety of litigants, practitioners, judiciary, and courtroom staff must be given priority consideration. We cannot be expected to appear in courtrooms without appropriate sheriff deputy staffing.

Seventh, as attendance at Zoom court is more cost effective, practitioners are more often able to invite new attorneys and law clerks to attend to learn about the practical application of the law in the courtroom setting.

Eighth, practitioners and the judiciary have more flexibility in scheduling court with Zoom. For example, if a morning status date is complicated, practitioners are sometimes asked to log back in at 1:30 pm to complete the court appearance. This is more easily accomplished with Zoom court, whereas in-person court would require practitioners to wait numerous hours downtown to return to court at 1:30 pm.

Ninth, type written orders are easier to read and make for a better record both for enforcement and for possible appeals. Historically, hand-written orders have oftentimes been difficult to read, and, therefore, sometimes present a challenge to enforcement and appeals.

Tenth, undeniably, unilateral in-person court appearances are more cost-prohibitive. The increased costs of litigation associated with in-person court appearances will likely result in more Self-Represented Litigants. Additionally, many child representatives and *Guardian ad Litems* may decline appointments on more than the minimum required pro bono cases as they will not want to go to court for free.

Eleventh, the option of attending Zoom court provides increased access to justice to people with disabilities, including both practitioners and litigants, alike.

Twelfth, in cases involving domestic violence, Zoom provides an additional level of comfort and safety to people that have experienced domestic violence.

Thirteenth, the Illinois Supreme Court has recognized the importance of remote court appearances in Supreme Court Rules 45, 46, and 241, and has emphasized that remote appearances should not be viewed as merely temporary COVID-induced measures.

2

Lastly, Zoom court is also likely more efficient for interpreters, instead of requiring them to move from courtroom to courtroom while awaiting attorneys.

Alternative suggestions to requiring a return to in-person court for all matters, include:

- Permitting routine status dates or non-evidentiary hearings to occur remotely, while requiring attendance in person for trials and evidentiary hearings.

- Requiring litigants and counsel to appear in person for their cases when merited. Certainly, as practitioners, we recognize that some litigants and practitioners will conduct themselves poorly on Zoom and they may not in person. We further recognize that it is challenging for judges to hold litigants or practitioners in contempt of court when they are not in person. However, we believe that those concerns can be addressed in a measured, balanced way that communicates expectations to adhere to proper court decorum without punishing litigants and counsels that are not behaving poorly.

- Providing specific Zoom days every week for optional appearances by Zoom for statuses, prove ups, and collaborative cases, rather than in-person. This approach has worked well in other counties that are also weighing these concerns.

Thank you for your consideration of these issues. If we can be of any assistance in assessing these concerns so that we may contribute to a well-reasoned approach, we are happy to do so.

Sincerely,


Deanna R. Blair
drb@cbdivorce.com

Alia M. Caravelli
amc@cbdivorce.com

Maria E. Barreiro
meb@barreirolaw.com

Kat Delgado
info@katdelgadolaw.com

Josh S. Singewald
josh@singewaldlawus.com

Genevieve Miller
genevieve@singewaldlawus.com

Leslye C. Swigert
leslye@singewaldlawus.com

Arthur Newman
art@artnewman.com

Karina Keshokova
Karina@januarylawchicago.com

Leah Trachtman
leah@leahtrachtmanlaw.com

Joyce Jezeer
joyce@frfamlaw.com

Cheri Costa
info@chericostalaw.com

Christina White
chrissie@christinawhitelegal.com

Raleigh D. Kalbfleisch
raleigh@rdkfamilylaw.com

Eleanor Endzel
eleanor@endzellawllc.com

Alexandra Martinez Vega
amartinez@axmlegal.com

Christi Alexander
Christi.alexanderlaw@gmail.com

Alejandra I. Vilchis
aiv@vilchislaw.com

Caidi Mammas Vanderporten
cmvanderporten@mgv-lawfirm.com

Elisabeth Ritter
eritter@ritter-lawoffices.com

Sheryl Rae Ghezzi
srglaw@gmail.com

Elise Meintanis
elise@harmeninglawllc.com

Rhonda J. Thompson
Rhonda@rjthompsonlaw.com

Ana Marcyan
ana@marcyanlaw.com

Angel Tamayo
atamayo@natkinlegal.com

Marie Sarantakis
marie@sarantakislaw.com

Laura SB Vallejo
LauraSBVallejo@gmail.com

Juan Calzoni
calzoni@gmail.com

Andrew Harger
aharger@hargerlawfirm.com

Katherine Mix
kmix@morrisonandmix.com

Andrea Lum
andrea@newmanlum.com

Peggy M. Raddatz
lawher@aol.com

Diana Meza
dmeza@slawus.com

Tanya Fajardo
tfajardo@fajardolawgroup.com

Lynn Wypych
Lynn@lwlawllc.com

Ashey Vanpool Fontana
Ashley@fontanafamlaw.com

Sheri Kessler
sheri@sckesslerlaw.com

Tina Abramovitch
tina@abmfamilylaw.com

Tracy Callahan Pesavento
Tracy.callahan5@gmail.com

Nicole Scott
nscott@nmsfamilylaw.com

Gregory Walker
gregorywalkerlaw@gmail.com

Jenny Jeltes
j.jeltes@jelteslaw.com

Steve Bogdanov
Sblawgroupllc@gmail.com

Elizabeth Felt Wakeman
ewakeman@wakemanlaw.net

Roland Ernst
rernst@coelaw.org

Tracy Aller
Tracy@lawskb.com

Jennifer L. Francis
jlfrancislaw@gmail.com

Djuana O'Connor Oshin
dmoconnorlaw@gmail.com

Edward Weinhaus
eaweinhaus@gmail.com

Maliha Siddiqui
maliha@siddiquifamilylaw.com

Elena Duarte
duartelawoffices@yahoo.com

Michael Strauss
michael@shfamlaw.com

Rachel Moore
rachel@rachelmoorelaw.com

Andrea Belard
belarda@metrofamily.org

Rafael Vargas
rafael@vargas-law.com

Zhulmira Paredes
zparedes@gclclaw.org

Susan A. Marks
Samarks@samlaw.info

Brandon M. Djonlich
Bmd@samlaw.info

Lucas Figiel
lucas@figlaw.com

Elizabeth Feely
Feelylawfirm@gmail.com

Jennifer Guimond-Quigley
Jennifer@gqlawoffice.com

Peter R. Olson
polson@familylawchicago.com

Annemarie Kill
akill@averykill.com

Bradley L. Schencker
brad@blslawoffice.com

Rita Maldonado
Rita@maldonadofamilylaw.com

Jenet G. Pequeno
jenet@jgpfamilylaw.com

Phil Mendoza
Phil@jgpfamilylaw.com

Paul T. Koontz
Paul@jgpfamilylaw.com

Rosemary Cisneros
Rosemary@jgpfamilylaw.com

James Chavez
James@jgpfamilylaw.com

Dheanna Fikaris
dheanna@fikarislawoffices.com

Val Zagone
Vzagone@strategicdivorce.com

Jason Sposeep
JSPoseep@sdflaw.com

Jason Shore
Jshore@sternperkoski.com

Debbie Cohen
Debbie@cohenfamilylawyer.com

Jacqueline Tufo
jackie@chicagolegal.com

Ashonta Rice
Ricelegalservices@yahoo.com

Ruth Ramirez
ruth@ramirez-lawoffice.com

Stephanie Charles
smcharles@scharleslaw.com

Andrea Muchin
amuchin@sdflaw.com

Gabby Pesotskiy
gabby@lakedivorce.com

Stacy Freeman
stacy.fflm@gmail.com

Alex Brinkmeier
Alex@brinkmeierlaw.com

Modupe Sobo
attnysobo@gmail.com

David Saxe
dsaxe@davidsaxelaw.com

Lisa A. Copland
CoplandLaw@aol.com

Roselynn Don
Roselynn@DonLawOffice.com

Michelle Beattie
Michelle@beattieonorato.com

Sally Pissetzky Steele
sally@pissetzkylaw.com

Tamara Jaggers
tami@stglaw.com

Linda Epstein
lindaepsteinlaw@gmail.com

Marc A. Bangser
mbangser@ck-familylaw.com

Laura Inns
laura@lbi-law.com

Mike Biederstadt
Michael@fwlls.com

Lawrence Steingold
Lawrence@lawsteingold.com

Kate McMahon Vivanco
Kmv@sgvllp.com

Erin Masters
erinmasters@masters-lawgroup.com

Deb Dencer Lollis
deb@ewilsonfamilylaw.com

Kasia Naugle
Knaugle@atclaw.com

Kellie Rose Bylica
krose@krbflaw.com

Anna Krolikowska
anna@annaklaw.com

Kerry Born
kerry@wbpfamilylaw.com

Mary Katherine Avery
mavery@averykill.com

Ashmal Ali
ali@gaynorlaw.net

Joel J. Levin
jlevin@levinfamilylaw.com

Lea C. Diaz
ldiaz@sterlinglawyers.com

Donna Makowski
donnamakowski@sbcglobal.net

Joseph John Walczak
joseph@josephwalczak.com

Katie Haskins Becker
khbecker@haskinsbecker.com

Audrey Gaynor
gaynor@gaynorlaw.net

Janice Berman
jberman@janicebermanlaw.com

Carol Jones
carol@metzandjoneslaw.com

Stuart Gelfman
s.gelfman@asfamlaw.com

Patrica A. Rangel
Law@rangelattorneys.com

Dianne C. Elman
law@rangelattorneys.com

Mayra Pizarro
MP@Pizarro-Law.com

Lisa Nelson
lknelsonlaw@gmail.com

Pamela J. Kuzniar
kuzniar@kuzniarsimons.com

Jessica Weiner
Jlw@fingerhutlaw.com

Janelle Hanks Williams
janellehanks@gmail.com

Abha Bhandari
abha@abrlawgroup.com

Lisa Damico
lisa@damicolawoffices.com

Morgan Given
Given@taradashgiven.com

Jennifer Stoller
Jstoller@grundlaw.com

Ellen Sidney Weisz
ellensidneyweisz@aol.com

David Weiss
david@davidweisslawfirm.com

Tanya Witt
Tanya@TheWittLawFirm.com

Betsy Ehlen
b.ehlen@ehlenlaw.com

Dean Taradash
Deanotaradash33@gmail.com

Anna Swiekowski
anna@swietkowskilaw.com

Konrad Grabowski
konrad@GrabowskiLawGroup.com

Shanna Purcell
spurcell@purcellfamlaw.com

Russell Knight
russell@rdklegal.com

Rob Kritzmire
Rkritzmire@rjkfamilylaw.com

Magdalena Urban
lawyer@urbanlawfirmllc.com

Wes Cowell
wcowell@cowellfamilylaw.com

Megan DeDoncker
mdedoncker@ctmlegalgroup.com

Laura Baldwin
laura@stglaw.com

Kathryn Walker
kswalker@haskinsbecker.com

Gretchen Schrader
gvschrader@divorcelawyerchicago.com

Brad Pawlowski
Brad@collablawil.com

Anne Prenner Schmidt
anne@anneschmidtlaw.com

Rachael Toft
rtoft@toftlaw.com

Ava Touloupakis
ava@chicagofamilylaw.com

Simul Jhaveri
simul@sjgfamilylaw.com

Steve Fritzshall
Steve@go2court.com

Stephanie Greenberg
sgreenberg@gsillinoislaw.com

Nicole McKinnon
nmckinnon@abmfamilylaw.com

Julie Johnson
jjohnson@wkofamilylaw.com

Tania K. Harvey
tharvey@tkhfamilylaw.com

Michelle Sinkovits Ferguson
msinkovits@gsillinoislaw.com

Nicole Spicer
nicole@ewilsonfamilylaw.com

Alyease Domique Jones
alyeasejonesesq@gmail.com

Mervate Mohammad
mervatem@kiswanilawfirm.com

Karen VanderMeer
karen@abmfamilylaw.com

Arlette G. Porter
apsherley@sbcglobal.net

Suzette Pierson
suzette@womensfamilylawyers.com

Dayna Perlut
dlp@familylawadvocate.com

M. Scott Gordon
msg@familylawadvocate.com

Leo Sokolov
lsokolov@sternperkoski.com

Nancy Chausow Shafer
chausow@sagecounsel.law

Kelly T. Bennett
kbennett@gsillinoislaw.com

Stephanie Greenberg
sgreenberg@gsillinoislaw.com

Michael C. Smolka
msmolka@smolkalawgroup.com

Nick Banahan
nbanahan@smolkalawgroup.com

Corri Fetman
corrif@cfalawfirm.com

Robert Kipnis
Robert@Flschicago.com

Emily R. Carrara
Emily@ecfamlaw.com

Sunney Kohlhoss
sunneyk@sklawfirm.com

Kathleen Follenweider
kfollenweider@gmail.com

Renee Rempert
rjratt@sbcglobal.net

Peter M. Follenweider
PFollenweider@weilerlawyers.com

Jessica Defino
jessica@kuffellaw.com

Dorothy A. Voigt
dorothy@dorothy-qdro-law.com

Kristina J. Wayne
kjw@kjwaynelaw.com

Umberto S. Davi
umberto@davilegal.com

Matthew B. Sperry
sperrylawllc@gmail.com

Michael C. Doyen
mdoyen@doyenlawgroup.com

Kathleen R. Doyen
kdoyen@doyenlawgroup.com

M. Vanessa Favia
vanessafavia@gmail.com

Biljana Mora
biljana@vf.legal

Todd Fanter
todd@vf.legal

Alyana Bruck
abruck@blachalaw.com

Phil Lengle
plengle@weilerlengle.com

Genevieve M. Binnie
gbinnie@illinoislawforyou.com

Angela Curry
Angela@bdavisassociates.com

Laura Darby
ldarby@illinoislawforyou.com

Rochelle Turrisi
rochelle@rdklegal.com

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)**
**Eastern Division**

Children of the Court, et al.

<table>
<tr><td></td><td>Plaintiff,</td><td></td></tr>
<tr><td>v.</td><td></td><td>Case No.: 1:24−cv−08785</td></tr>
<tr><td></td><td></td><td>Honorable Lindsay C. Jenkins</td></tr>
</table>

Cook County, Illinois, et al.

                                Defendant.

---

### NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, July 24, 2025:

　　　　MINUTE entry before the Honorable Lindsay C. Jenkins: Defendant's motion to dismiss [48] is granted. See attached order for further details. The case is dismissed with prejudice. The clerk shall enter a Rule 58 judgment against Plaintiffs and in favor of Defendants. Civil case terminated. Mailed notice. (jlj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Children of the Court, *et al.*, | |
| *Plaintiffs,* | No. 24 CV 8785 |
| v. | Judge Lindsay C. Jenkins |
| Timothy C. Evans and the Circuit Court of Cook County, | |
| *Defendants.* | |

## Memorandum Opinion and Order

Children of the Court and Conor Paris sued Defendant Abby Romanek, Cook County, and Iris Y. Martinez for violation of their First and Fourteenth Amendment Rights. [Dkt. 1.][1] The court dismissed their original complaint against Judge Romanek with prejudice and against Cook County and Martinez without prejudice, giving Plaintiffs leave to amend. [Dkt. 23.] Plaintiffs amended, naming Cook County and Chief Judge Timothy Evans as Defendants the second time around. [Dkt. 29.] The court dismissed the complaint as against Cook County and Martinez with prejudice. [Dkt. 36.][2] It dismissed the complaint as against Judge Evans without prejudice and provided leave to amend. [Dkts. 43.] Plaintiffs then filed a second amended complaint that names the Circuit Court of Cook County and Chief Judge Timothy Evans as Defendants. [Dkt. 44.][3] Judge Evans, who is sued in his individual and official[4] capacities, filed another motion to dismiss. The motion is granted, and the case is dismissed with prejudice.

---

[1]     Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

[2]     While Plaintiffs' amended complaint did not include Martinez in the case caption as is required by Federal Rule of Civil Procedure 10(a), the court nevertheless considered and dismissed the claims against her. [Dkt. 36 at 3.]

[3]     Plaintiffs never served the Circuit Court of Cook County; therefore, the court does not consider any claims against that entity.

[4]     The court only considers the second amended complaint against Judge Evans in his individual capacity. Official capacity suits against state officials are barred by the Eleventh Amendment as to any damages claims. *Mims v. Wexford Health Sources, Inc.*, 2019 WL 194869, at *4 (N.D. Ill. Jan. 15, 2019). Nor are officials "persons" for purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Congress in passing § 1983, had no intention to disturb the States' Eleventh Amendment Immunity….").

1

## Standard of Review

"To survive a motion to dismiss under Rule 12(b)(6), plaintiff's complaint must allege facts which, when taken as true, plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (cleaned up). This occurs when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Garrard v. Rust-Oleum Corp.*, 575 F. Supp. 3d 995, 999 (N.D. Ill. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted)). The court accepts as true all well-pled allegations set forth in the second amended complaint and draws all reasonable inferences in Plaintiffs' favor. *See Craftwood II, Inc. v. Generac Power Sys., Inc.*, 920 F.3d 479, 481 (7th Cir. 2019). In setting forth the facts at the pleading stage, the court does not vouch for their accuracy. *See Goldberg v. United States*, 881 F.3d 529 (7th Cir. 2018).

## Analysis

The court assumes familiarity with the basic allegations and history of the case as summarized in the prior orders and rulings. [Dkts. 23, 36, 43.] As before, the complaint's only count alleges a First Amendment right of access claim under 42 U.S.C. § 1983. To determine whether the right of access exists, courts apply the *Press–Enterprise Co. v. Superior Court* two-part test. 478 U.S. 1 (1986). The first inquiry is "whether the place and process have historically been open to the press and general public." *Id.* at 8. The second is whether "the Court has traditionally considered whether public access plays a significant positive role in the functioning of the particular process in question." *Id.*

In its prior order, the court addressed the abstention consideration raised in *Courthouse News Service v. Brown*, a case where a news service challenged Cook County Court's policy of administratively processing newly filed complaints before making them publicly available. 908 F.3d 1063 (7th Cir. 2018). The Seventh Circuit applied a modified *Younger* abstention theory, explaining that it was "not appropriate for the federal courts" to "supervis[e] … state court operations." *Id.* at 1074. Principles of cooperation and comity weighed in favor of abstention so that state courts could "craft an informed and proper balance between the state courts' legitimate institutional needs and the public's … substantial First Amendment interest." *Id.*

Plaintiffs' response brief still does not engage with *Press–Enterprise Co*. Instead, they urge the court to follow the Ninth Circuit's lead in *Courthouse News Service v. Planet*, 750 F.3d 776, 789-90 (9th Cir. 2014), which concluded there were "no ongoing 'heavy' oversight" concerns that justified abstaining and that "principles of comity do not bar federal intervention." [Dkt. 50 at 4.] But the Seventh Circuit expressly distinguished *Planet*, reaching the opposite conclusion as to abstention. *Brown*, 908 F.3d at 1074 ("We acknowledge that the Ninth Circuit in *Courthouse*

*News Service v. Planet*, a case nearly identical to this one, came to the opposite conclusion regarding abstention.") This court is bound by the Seventh Circuit's ruling, and any argument to the contrary is more appropriately directed at the Court of Appeals.

Plaintiffs also reiterate that Judge Evans is not immune from liability under *Forrester v. White*, 484 U.S. 219, 228 (1988), which establishes only that judicial immunity does not extend to administrative decisions. But the added allegations concerning Judge Evans still do not permit the reasonable inference that the decisions Evans made were administrative. [Dkt. 44, ¶¶ 23-33.] Instead, they reflect Judge Evans's supervisory role, for instance, that he "an affirmative obligation to counteract" false information being circulated about Children of the Court by subordinates, including court staff and members of the judiciary. [*Id.*, ¶ 32 ("Had he merely counteracted the false delegitimization [by those in] his charge, once he knew it had spread, the wrongs herein would not have happened.").] As already explained, judicial immunity extends to these sorts of supervisory tasks. *Brown v. Maine*, 2012 WL 5463087, at *5 (D. Me. Nov. 7, 2012), *aff'd* (May 8, 2013); *Higdon v. Tusan*, 2017 WL 552779, at *5 (N.D. Ga. Feb. 10, 2017), *aff'd sub nom. Higdon v. Fulton Cnty., Georgia*, 746 F. App'x 796 (11th Cir. 2018), and *aff'd*, 746 F. App'x 805 (11th Cir. 2018). Therefore, Judge Evans has absolute judicial immunity from this lawsuit.

Finally, the second amended complaint still does not allege facts demonstrating Judge Evans's personal involvement in (or awareness of) Romanek's decisions, as required under § 1983. The closest Plaintiffs come is by alleging that Judge Evans, "in his representative capacity as the Circuit Court of Cook County, failed to ensure that the Court remained open and accessible to the public." [Dkt. 44, ¶ 47.] This does not plausibly imply personal involvement. Because there is "no such thing as *respondeat superior* liability for government officials under § 1983," the First Amendment claim fails. *Taylor v. Ways*, 999 F.3d 478, 493 (7th Cir. 2021).[5]

---

[5]    Plaintiffs' response brief mentions *Monell* liability under § 1983, but this is a non-starter. *Monell v. Dep't. of Social Services of City of New York*, 436 U.S. 658, 690, 694 (1978). It's axiomatic that a plaintiff cannot amend his complaint through briefing. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011) and the second amended complaint fails to allege that a policy or custom was responsible for the deprivation of rights. A few scattered claims of practices and display of deliberate indifference are insufficient. [Dkt. 44, ¶¶58, 64, 69]; *see Foy v. City of Chicago*, 2016 WL 2770880, at *9 (N.D. Ill. May 12, 2016) (Plaintiffs "succeed[] in repeating all the trigger words required of a *Monell* claim but absolutely no factual content to demonstrate a widespread practice" or the notice necessary to supply deliberate indifference). *Monell*'s holding also does not apply to states or states' departments. *Will*, 491 U.S. at 70 ("[W]e consequently limited our holding in *Monell* to local government units which are not considered part of the state for Eleventh Amendment purposes."); *Joseph v. Bd. of Regents of Univ. of Wisconsin Sys.*, 432 F.3d 746, 748–49 (7th Cir. 2005).

3

## Conclusion

For these reasons, Plaintiffs' Second Amended Complaint [dkt. 44] is dismissed with prejudice.

Enter: 24 CV 8785
Date: July 24, 2025

_____
Lindsay C. Jenkins

4

ILND 450 (Rev. 04/23/2016) - Judgment in a Civil Action

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Children of the Court,

Plaintiff(s),

v.

Abbey Fishman Romanek,

Defendant(s).

Case No.  24 C 8785
Judge Lindsay C. Jenkins

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐       in favor of plaintiff(s)
        and against defendant(s)
        in the amount of $          ,

                which ☐ includes          pre–judgment interest.
                      ☐ does not include pre–judgment interest.

        Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

        Plaintiff(s) shall recover costs from defendant(s).

☐       in favor of defendant(s)
        and against plaintiff(s)

.

        Defendant(s) shall recover costs from plaintiff(s).

☒       other: Defendant's motion to dismiss [48] is granted.  Judgment is entered in favor of Defendant
Abbey Fishman Romanek and against Plaintiff Children of the Court. Civil case closed.

This action was *(check one)*:

☐ tried by a jury with Judge Lindsay C. Jenkins presiding, and the jury has rendered a verdict.
☐ tried by Judge Lindsay C. Jenkins without a jury and the above decision was reached.
☒ decided by Judge Lindsay C. Jenkins.

Date:  7/24/2025

Thomas G. Bruton, Clerk of Court

Jackie Deanes, Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **Children of the Court**, *a non-profit corporation***,** and **Conor Paris**, | ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | Case No:  1:24-cv-08785 |
| | ) | Honorable Lindsay C. Jenkins |
| **The Honorable Abbey Fishman Romanek, Iris Y. Martinez, Clerk of the Circuit Court of Cook County**, and **Cook County, Illinois**, | ) ) ) ) | |
| *Defendants*. | ) ) | |

### <u>NOTICE OF APPEAL</u>

Notice is hereby given that Plaintiffs Children of the Court, Inc., and Conor Paris appeal to the United States Court of Appeals for the Seventh Circuit from the Court's: December 19, 2025 Minute Order (Dkt. No.: 23), wherein it dismissed Defendant Romanek, with prejudice, after finding her violations or Plaintiffs' rights were protected by absolute judicial immunity; and July 24, 2025 Minute Order (Dkt. No.: 52); July 24, 2025 Memorandum Opinion and Order (Dkt. No.: 53); and July 24, 2025 Judgement (Dkt. No.: 54); and wherein it found Judge Evans also enjoyed absolute judicial immunity and that there were insufficient allegations of personal involvement.

Dated: August 22, 2025

Respectfully Submitted:

By: /s/ *Adam Florek*

Adam Florek
Florek Law, LLC
11 Knollwood Dr.
North Caldwell, New Jersey 07006
Tel: (929) 229-2268
E-mail: aflorek@florekllc.com

Edward "Coach" Weinhaus, Esq.
**LegalSolved, LLC**
11500 Olive Blvd., Suite 133
Saint Louis, Missouri 63141-7126
Tele: (314) 580-9580
E-mail: eaweinhaus@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 22, 2025, I filed the foregoing document with the clerk of the Court using the CM/ECF filing system, which should further distribute a true and accurate copy of the foregoing to all counsel of record.


By: ___*/s/Adam Florek*_____