# UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

_____

No. 25-2526

_____

**Children of the Court**, *a non-profit corporation*, and **Conor Paris**,

       *Plaintiff-Appellants,*

    v.

**Abbey Fishman Romanek** and **Timothy C. Evans***, individually and in his representative capacity as Chief Judge of* **The Circuit Court of Cook County**,

       *Defendant- Appellees.*

Appeal No.:  25-2526
Dist. Ct.:  N.D. Ill. – Eastern Div.
Civil Case:  1:24-cv- 08785
Dist. Judge: Hon. Lindsay C. Jenkins

_____

## PLAINTIFF-APPELLANTS CHILDREN OF THE COURT AND CONOR PARIS'S INITIAL BRIEF AND REQUIRED SHORT APPENDIX

_____

Adam Florek
IARDC No: 6320615
N.D. Ill. Gen. Bar No.: 6320615
Florek Law, LLC
11 Knollwood Drive
North Caldwell, NJ 07006
Tel: +1 (929) 229-2268
Email: aflorek@florekllc.com

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: __25-2526__

Short Caption: __Children of the Court and C. Paris v. A. Romanek and T. Evans, Chief J. Cir. Ct. of Cook. Co.__

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information.  The text of the statement must also be included in the front of the table of contents of the party's main brief.  **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐   **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)   The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate  disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
   __Children of the Court, a non-profit corporation__

   __Conor Paris__

(2)   The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
   __Florek Law, LLC: Adam Florek__

   __Legal Solved, LLC: Edward "Coach" Weinhaus__ ; __Antonio Valiente-Rivera__

(3)   If the party, amicus or intervenor is a corporation:

   i)       Identify all its parent corporations, if any; and

      __Children of the Court: None__

   ii)      list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

      __n/a__

(4)   Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

   __n/a__

(5)   Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

   __n/a__

Attorney's Signature: __[signature]__                Date: __January 4, 2026__

Attorney's Printed Name: __Adam Florek__

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   Yes ☑  No ☐

Address: __11 Knollwood Drive, North Caldwell, NJ 07006__

Phone Number: __9292292268__                Fax Number: _____

E-Mail Address: __aflorek@florekllc.com__

rev. 12/19 AK

# Table of Contents

Appearance & Circuit Rule 26.1 Disclosure Statement ................................. 2

Table of Contents ................................................................................ 3

Table of Authorities ............................................................................ 4

Jurisdictional Statement ...................................................................... 5

Statement of Issue ............................................................................... 7

Statement of the Case .......................................................................... 8

    The State Court's Acts ...................................................................... 8

    Course of Proceedings ..................................................................... 10

Summary of Argument ........................................................................ 13

Argument .......................................................................................... 16

    a.   Standard of Review .................................................................... 16

    b.   The Court Erred When it Concluded That Defendants' Exclusion of Plaintiff-Appellants was Protected by Judicial Immunity Because Judicial Immunity Does Not Protect Judges and Judicial Officers from Liability for Administrative Acts ................................................................. 16

        1.   Defendant-Appellee Romanek's Decision to Exclude Plaintiff-Appellants was Neither an Exercise of Discretion Nor Judgment, Rather it was a Ministerial Act ................................................ 17

        2.   Defendant-Appellee Romanek's Decision to Exclude Plaintiff-Appellants was Not an Act That is Normally Performed by a Judge ........................... 20

        3.   Plaintiff-Appellants Paris's Interaction with Defendant-Appellee Romanek was Not in Her Judicial Capacity ............................... 22

    c.   Defendant-Appellees Do Not Enjoy Judicial Immunity Because Judicial Immunity Is Not A Bar To Prospective Injunctive Relief .............................. 23

    d.   Defendant-Appellee Evans and the Circuit Court of Cook County are Liable for the Deprivation of Plaintiff-Appellants' Rights ......................... 23

Conclusion ........................................................................................ 27

Certificate of Compliance with Fed. R. App. Pro. 32(a)(7) and 32(g) and Circuit Rule 32(c) ....................................................................... 29

Certificate of Service .......................................................................... 30

Circuit Rule 30(d) Statement ............................................................... 31

# Table of Authorities

**Cases**

Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397 (1997) ........... 14, 24, 25

City of Canton v. Harris, 489 U.S. 378, 389-390, n.10. (1989)............................ 14, 24

Cosentino v. Kelly, 102 F.3d 71 (2d Cir. 1996) ........................................................ 19

Dawson v. Newman, 419 F.3d 656 (7th Cir. 2005).............................................. *passim*

Forrester vs. White, 484 U.S. 219 (1988)............................................................ *passim*

Lowe v. Letsinger, 772 F.2d 308 (7th Cir. 1985) ..................................... 13, 17, 21, 22

Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) .......................................... *passim*

Palmer v. Marion Cnty., 327 F.3d 588 (7th Cir. 2003)............................................. 26

Phelan v. Cook Cnty., 463 F.3d 773 (7th Cir. 2006)................................................. 26

Richman v. Sheahan, 270 F.3d 430 (7th Cir. 2001) ................................................. 16

Thomas v. Cook Cnty. Sheriff's Dep't, 604 F.3d 293 (7th Cir. 2009)....... 15, 25, 26, 27

**Statutes**

28 U.S.C. § 1331.......................................................................................................... 5

28 U.S.C. § 1343.......................................................................................................... 5

42 U.S.C. § 1983.......................................................................................... 5, 8, 11, 24

705 ILCS 105/1........................................................................................................... 21

**Rules**

*Fed. R. Civ. P. 12* ...................................................................................................... 24

**Constitutional Provisions**

Ill. Const. 1970, art. IV, § 7 ....................................................................................... 20

U.S. Const. amend. I.............................................................................................. *passim*

## Jurisdictional Statement

This appeal arises from a civil action brought in the Northern District of Illinois seeking redress for Plaintiff-Appellant's Constitutionally protected right of access to the courts as protected by the First Amendment to the United States Constitution.  The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 because the suit was brought pursuant to a federal statute 42 U.S.C. § 1983.

The District Court entered its final judgments on December 19, 2024 via Minute Order (Order, No.: 23), wherein it dismissed Defendant-Appellee Romanek, with prejudice, after finding her violations or Plaintiffs' rights were protected by absolute judicial immunity; and July 24, 2025 Minute Order (Order, Dkt. No.: 52); July 24, 2025 Memorandum Opinion and Order (Memo. Op. and Order, Dkt. No.: 53); and July 24, 2025 Judgement (J., Dkt. No.: 54) dismissing Plaintiff-Appellants' Second Amended Complaint.  Plaintiff-Appellants timely filed his Notice of Appeal on August 22, 2025.  Accordingly, this Court of Appeals has jurisdiction under 28 U.S.C. § 1291 because this is an appeal from the final decisions of a U.S. District Court.

Plaintiff-Appellants' Opening Brief was originally due by or before October 8, 2025 but, due to counsel's failure to properly calendar the Notice of Appeal he sought an extension on October 20, 2025 until November 10, 2025.  The Court granted that extension.  On November 3, 2025, Counsel sought a second extension, which the Court granted, extension the deadline for Plaintiff-Appellants' Opening Brief until December 1, 2025.  Plaintiff-Appellants' Counsel again failed to timely file his client's Opening Brief and on December 16, 2025, this Court issued its Rule to Show Cause

(CA7 Order, Dkt. 12) wherein it ordered Plaintiff-Appellants' Counsel to show "why this appeal should not be dismissed for lack of prosecution, pursuant to Circuit Rule 31(c)(2)." On December 26, 2025, Plaintiff-Appellants' Counsel filed his Response To Rule To Show Cause For Appellant, his Affidavit in support of the same, as well as this opening brief as an exhibit to the Response To Rule To Show Cause For Appellant.

## Statement of Issue

1.)    The District Court erred when it concluded that Defendant-Appellee Romanek enjoyed absolute judicial immunity for closing the courtroom door to specific members of the public, specifically for excluding Plaintiff-Appellants Conor Paris and Children of the Court from otherwise public proceedings because such act was an administrative action under Forrester vs. White, 484 U.S. 219 (1988) and therefore not subject to judicial immunity; it involves neither exercise of discretion nor judicial judgment and constitutes a ministerial act that could as readily be performed by a clerk.

2.)    The District Court erred when it concluded that Defendant-Appellee Evans, the then-Chief Judge for the Circuit Court of Cook County was free from liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) despite allegations that subordinate judicial officers and court staff were circulating false and delegitimizing information about Children of the Court and its Officers and deliberate indifference to the same resulting in the denial of Plaintiff-Appellants' First Amendment Right of Access.

**Statement of the Case**

This is an appeal from the District Court's December 19, 2024 Minute Order and July 24, 2025 Order dismissing Plaintiffs' Complaint for failure to state a claim owing to absolute judicial immunity.

In the Court's July 24, 2025 Order, the District Court misapplied this Circuit's jurisprudence proscribing the contours of Section 1983 when applied in a municipal context.  In its Order, the Court concluded that Plaintiffs Second Amended Complaint failed to state a claim for liability under <u>Monell</u>, because it does not allege a policy or custom.  (Memorandum Opinion and Order, Dkt. 53, p. 3)  However, the Complaint is replete with allegation that allege the type of custom and deliberate indifference that cries out for relief under <u>Monell</u>.  As a result of the District Court's misapplication of judicial immunity, Plaintiff-Appellants have been deprived of any redress for Defendant-Appellees' violation of their Constitutionally protected Right Of Access.

<u>The State Court's Acts</u>

Children of the Court is a Missouri non-profit corporation that works with adult children of divorce to reunite those children with the courtrooms and judges that often had an outsized impact on their youth.  (Second Amended Complaint, Dkt. 44, ¶¶ 5, 8-10)  Conor Paris is one of Children of the Court's beneficiaries that was brought up in the shadow of litigation and under the ever-looming threat of judicial involvement into his childhood.  (<u>Id.</u>, at ¶¶ 34-36)

In February 2024, Children of the Court's Operations Manager sent correspondence to numerous judges and administrators within the Circuit Court of

Cook County advising of its mission and forthcoming activities including courtroom visits.  (Id., at ¶¶ 12 – 15; Exhibit A)  While some members of the state court met with Children of the Court, others ignored those letters; others still lambasted Children of the Court and spread misinformation about the organization and its aims. (Id., at ¶¶ 17-26)  Defendant-Appellees Evans and Romanek each received the letter. (Id., at ¶¶ 13, 15; Exhibit A)  Defendant-Appellee Evans received advanced notice that Children of the Court would visit the courtrooms which he oversaw in Cook County, listing Defendant-Appellee Romanek's courtroom specifically.  (Id.; Exhibit A)

Thereafter, on August 5, 2024, Conor's family's matter was scheduled for a Zoom hearing before Defendant-Appellee Romanek for a routine post-dissolution matter.  (2nd Am. Compl., Dkt. 44, at 38-39)  Conor, as a beneficiary of Children of the Court's services, was supposed to attend the hearing via Zoom, like all of the other participants that day, to observe the proceedings and his minor siblings' attorney. (Id., at ¶¶ 39-41)  When his family's matter was called, Defendant-Appellee Romanek refused to admit Conor, instead remarking "Conor Paris is here. He has no business being here and he shouldn't be here and I am not letting him in. He shouldn't know about court dates."  (Id., at ¶¶ 42-45)

In violation of his Constitutionally protected rights, Conor was never admitted to the August 5, 2024 proceeding.  Conor was the only member of the public denied access to the proceedings.  (Id., ¶¶ 42-43)  Shortly thereafter, on September 24, 2025, Children of the Courts' executive director was denied entry to otherwise public

proceedings, following Defendant-Appellee Romanek being informed of this action.[1]
(Id., ¶¶ 49-51)

Course of Proceedings

Plaintiff-Appellants originally filed the underlying lawsuit on September 23, 2025, alleging violation of Plaintiffs' First Amendment Right of Access, pursuant to 42 U.S.C. § 1983. (Complaint, Dkt. 1)  The Complaint sought, *inter alia*, declaratory judgement, equitable remedy by way of prospective injunctive relief, and damages. (Id.)  Thereafter, on November 22, 2024, Defendant Iris Y. Martinez, in her official capacity as Clerk of the Circuit Court of Cook County, and Cook County, filed her Motion to Dismiss, (Def. Martinez's Motion to Dismiss, Dkt. 15), and on November 25, 2025, Defendant-Appellee Romanek filed her Motion to Dismiss.  (Romanek Motion to Dismiss, Dkt. 17)  During the District Court's December 19, 2024 Hearing (Transcript, Dkt. 25), and as confirmed in the attendant Minute Order, (Order, Dkt. 23), the district court erroneously concluded that Defendant-Appellee Romanek's conduct during a August 5, 2024 hearing in the Circuit Court of Cook County, Illinois, was protected by absolute judicial immunity despite her acts, the exclusion of Plaintiff-Appellants Paris, and their ministerial characteristics.  (Id.)  The Court ruled and dismissed Defendant-Appellee Romanek, with prejudice, concluding that "[Defendant-Appellee Romanek] was on the bench. She was hearing and deciding

---

1. The original Complaint did not include the allegations that Defendant-Appellee Romanek intentionally excluded Children of the Court and its Executive Director from the September 24, 2025 Hearing, because the Complaint preceded this abrogation of Plaintiff-Appellant Children of the Court's Right of Access.  However, these claims were reserved in the Amended Complaints which included further factual allegations including Children of the Court informing Defendant-Appellee Romanek prior to its impending visit and her refusal to admit it thereafter.

cases[,]" without considering the characteristics of the 'decision' rendered nor the redress requested. (Transcript, Dkt. 25, 7:8-9) However, Plaintiff-Appellants were permitted to amend their complaint to clarify allegations against the Defendant Martinez and any other potential defendant. (Id., at 8-9)

On January 24, 2025, Plaintiff-Appellants filed their Amended Complaint alleging violation of Plaintiffs' First Amendment Right of Access, pursuant to 42 U.S.C. § 1983, against Timothy C. Evans, individually and in his representative capacity as Chief Judge of The Circuit Court of Cook County and Cook County, Illinois and the Clerk.[2] (Amended Complaint, Dkt. 29) Shortly thereafter, on May 15, 2025, Plaintiff-Appellants filed their Second Amended Complaint narrowing their allegations to *only* Defendant-Appellee Evans, in his representative capacity as The Circuit Court of Cook County, Illinois. On June 13, 2025, Defendant-Appellee Evans filed his Motion to Dismiss.

Finally, in its July 25, 2025 Memorandum Opinion and Order, the District Court misapplied this Circuit's jurisprudence proscribing the contours of Section 1983 when applied in a municipal -state entity- context. In its Order, the District Court, *inter alia*, dismisses any potential <u>Monell</u> liability for Defendant-Appellee Evans. Finally, in its July 25, 2025 Memorandum Opinion and Order, the District Court, *inter alia*, dismisses any potential Monell liability for Defendant-Appellee Evans. (Memo. Op. and Order, Dkt. 53, p. 3, n. 5) The District Court concluded that

---

2. Importantly, the Amended Complaint included allegations that, following the initiation of this lawsuit, Plaintiff-Appellant Children of the Court was excluded from public proceedings as retribution of the same and in direct violation of its First Amendment Right of Access. (Am. Compl., Dkt. 29, ¶¶ 31-35)

11

complaint fails to allege that a policy or custom was responsible for the deprivation of rights." (<u>Id.</u>, n. 5)  It continued to state "[a] few scattered claims of practices and display of deliberate indifference are insufficient[,]" while ignoring numerous allegations within the Second Amended Complaint that illustrate a pattern of misconduct as a result of Defendant-Appellee Evans and leading to the constitutional violations at issue herein.  The Second Amended Complaint is replete with allegation that allege the type of custom and deliberate indifference that cries out for relief under <u>Monell</u>.  As a result of the District Court's misapplication of judicial immunity, Plaintiff-Appellants have been deprived of any redress for Defendant-Appellees' violation of their Constitutionally protected Right Of Access.

## Summary of Argument

Judicial immunity is more than "a mere defense to liability," it "confers complete immunity from suit[.]" Dawson v. Newman, 419 F.3d 656, 660 (7th Cir. 2005). Because it bars an aggrieved party from *any* legal redress, the Supreme Court has not extended it beyond its narrow confines, which requires an examination of the nature of the act performed, *not* the identity of the actor. Forrester, 484 U.S. at 219-220. When determining whether an act is *judicial* in nature, this Circuit has applied a three-factor test: "(1) whether the act or decision involves the exercise of discretion or judgment, or is rather a ministerial act which might as well have been committed to a private person as to a judge; (2) whether the act is normally performed by a judge; and (3) the expectations of the parties, *i.e.*, whether the parties dealt with the judge as judge." Dawson, 419 F.3d at 661 (quoting Lowe v. Letsinger, 772 F.2d 308, 312 (7th Cir. 1985)). Importantly, absolute judicial immunity does not extend to prospective injunctive relief or attorney's fees under Section 1983. Pulliam v. Allen, 466 U.S. 522 (1984).

Here, the District Court dismissed Plaintiff-Appellants' claim for violation of their First Amendment Right of Access against Defendant-Appellee Romanek by focusing on her position as a judge, noting that she was "on the bench" and "hearing and deciding cases" during the status conference, but giving no consideration to the acts she was undertaking – administrative acts that could and should have been the province of a clerk or courtroom deputy or the relief requested. Had the Court considered the three factors articulated in Lowe and restated in Dawson, it would have quickly concluded that Defendant-Appellee Romanek's conduct was ministerial

and did not involve the exercise of discretion or judgment of adjudication; was a decision that is the province of court administration, not judicial adjudication; and Plaintiff-Appellants' interaction with Defendant-Appellee Romanek were not in her judicial capacity, they were merely members of the public attempting to observe public affairs.  Further, had the District Court examined the remedies requested, *injunctive and declaratory relief*, it would have found concluded immunity did not extend to these circumstances under controlling Supreme Court precedent.

Later, the District Court declined to extend liability to Timothy C. Evans, individually and in his representative capacity as Chief Judge of The Circuit Court of Cook County, under <u>Monell, v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978) because it misapplied the proper pleading standard and the well-pled allegations establishing liability.  To establish municipal liability based on custom, a litigant must demonstrate that policymakers were deliberately indifferent to the known or obvious consequences of their custom.  <u>Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown</u>, 520 U.S. 397, 407 (1997).  Deliberate indifference is established when policymakers, aware that their approach has failed to prevent situationally protected rights, continue with a knowingly insufficient approach.  <u>City of Canton v. Harris</u>, 489 U.S. 378, 389-390, n.10. (1989).  This standard requires allegations that a policymaker "disregarded a known or obvious consequence of his action."  <u>Bryan Cnty.</u>, 520 U.S. at 410.  As relevant here, "a series of violations" may "lay the premise of deliberate indifference," and that policymakers' insouciance towards misconduct—demonstrated by failure to remedy known constitutional violations—constitutes

actionable municipal policy.  <u>Thomas v. Cook Cnty. Sheriff's Dep't</u>, 604 F.3d 293, 303 (7th Cir. 2009).

The Second Amended Complaint meets this standard because it alleged Defendant-Appellee Evans knew of Plaintiff-Appellant Children of the Court, its mission, *et cetera* and critically, subordinate judicial officers and court staff that were circulating false and delegitimizing information about Plaintiff-Appellant Children of the Court and its Officers.  And, that Respondent Evans, despite possessing final policymaking authority and an obligation to correct these misrepresentations to keep access to the courtrooms open, deliberately chose not to act enabling his subordinates to continue violating the constitutional rights of Plaintiff-Appellants and others, resulting in a widespread and well-settled custom of denying access to courts.

## Argument

The District Court erred when it dismissed Plaintiff-Appellants' lawsuit because judicial immunity is not a mere defense to liability *for damages*; here the court used it as a complete bar from *any* redress for the aggrieved where the Supreme Court has not extended absolute immunity beyond its narrow scope. <u>Forrester</u>, 484 U.S. 219. The functional analysis articulated in <u>Forrester</u> requires examination of the nature of the act performed, *not* the identity of the actor. <u>Id.</u>, at 228. As the Supreme Court emphasized, "[i]t is the nature of the function performed—adjudication—rather than the identity of the actor who performed it—a judge—that determines whether absolute immunity attaches to the act." <u>Id.</u>, at 219-220. Further, the Supreme Court instructs a District Court to consider the remedies sought prior to applying blanket judicial immunity as a further bar to redress. <u>Pulliam</u>, 466 U.S. at 540.

### a.  <u>Standard of Review</u>

A court of appeals reviews a district court's decision on a motion to dismiss base on absolute immunity *de novo*. <u>Dawson</u>, 419 F.3d 656, 660 (7th Cir. 2005); <u>Richman v. Sheahan</u>, 270 F.3d 430, 434 (7th Cir. 2001) (the existence of immunity is a question of law and is entitled to *de novo* review).

### b.  <u>The Court Erred When it Concluded That Defendants' Exclusion of Plaintiff-Appellants was Protected by Judicial Immunity Because Judicial Immunity Does Not Protect Judges and Judicial Officers from Liability for Administrative Acts</u>

The District Court erred when it concluded that Defendant-Appellee Romanek enjoyed absolute judicial immunity for her exclusion of Plaintiff-Appellants from

otherwise public proceedings because it was an administrative action under Forrester, and therefore not subject to judicial immunity.  Here, the decision to exclude Plaintiff-Appellants was absent any compelling reason, as the Right of Access demands, and was an administrative act because: 1.) the act did not include the exercise of discretion or judgment, instead it was a ministerial act which might as well have been committed by a clerk; and 2) the administration and admission of individuals to a courtroom is not an act normally performed by a judge.

When determining whether an act is *judicial* in nature, this Court has applied a three-factor test:  "(1) whether the act or decision involves the exercise of discretion or judgment, or is rather a ministerial act which might as well have been committed to a private person as to a judge; (2) whether the act is normally performed by a judge; and (3) the expectations of the parties, i.e., whether the parties dealt with the judge as judge."  Dawson, 419 F.3d at 661 (quoting Lowe, 772 F.2d at 312).  All three factors must be evaluated in context, and immunity is justified only when protecting truly judicial functions.

1. *Defendant-Appellee Romanek's Decision to Exclude Plaintiff-Appellants was Neither an Exercise of Discretion Nor Judgment, Rather it was a Ministerial Act*

Defendant-Appellee Romanek's decision to exclude Plaintiff-Appellants Paris and Children of the Court from an otherwise public court proceeding was an administrative act falling outside the scope of absolute judicial immunity.  This exclusion violated the constitutional right of access to judicial proceedings without satisfying the demanding standard –a compelling justification – required to restrict such access.

17

The first factor, "whether the act or decision involves the exercise of discretion or judgment, or is rather a ministerial act[,]" <u>Dawson</u>, 419 F.3d at 661, strongly favors denying immunity. Defendant-Appellee Romanek's exclusion of Plaintiff-Appellants was summary, immediate, and without application of any reasoned judicial process. She simply concluded that "[Plaintiff-Appellant Paris] has no business being [in her courtroom] and he shouldn't be here and [she is] not letting him in. He shouldn't know about court dates." Compl., ¶ 26. The record shows Plaintiff-Appellant Paris was simply barred from accessing a status conference in an open case to which he had legitimate right to access. The facts surrounding Plaintiff-Appellant Children of the Court, a judge-overseen judicial reform organization, are even more striking. The organization sent Defendant-Appellee Romanek a letter. The undersigned attorney informed Defendant-Appellee Romanek of the organization's appearance. Where other judges held meetings with the organization, Defendant-Appellee Romanek barred its executive from access to otherwise public proceedings. Neither Plaintiff-Appellants Children of the Court nor Paris had been in the courtroom to disrupt the proceedings.

This conduct is distinguishable from the core judicial functions that immunity protects – judgement. A judge deciding a motion, ruling on evidentiary issues, or managing a trial necessarily exercises discretion in weighing competing interests and applying law to facts. Such discretionary decisions warrant immunity to insulate judges from vexatious litigation by frustrated litigants. <u>Forrester</u>, 484 U.S. at 225-

18

227.  Particularly for damages.  (2nd Am. Compl., Dkt. 44, Prayer for Relief p. 13-14)
The Complaint seeks non-damage redress.  (Id.)

By contrast, the *a priori* ministerial denial of courtroom access involves no
weighing of legal principles, no application of substantive law, and no discretionary
judgment regarding disputed legal issues.  Compare Cosentino v. Kelly, 102 F.3d 71,
73 (2d Cir. 1996) (wherein the Second Circuit recognized "[i]t is essential to the proper
administration of criminal justice that dignity, order, and decorum be the hallmarks
of all court proceedings in our country.  The flagrant disregard in the courtroom of
elementary standards of proper conduct should not and cannot be tolerated."  There,
the Second Circuit approved the district court's exclusion of individuals that had
disregarded the decorum of the court.  Here, however, there is no suggestion, nor
could there be, that either Plaintiff-Appellants Paris or Children of the Court had
disregarded the decorum of the court nor posed any threat to the proper standards of
courtroom conduct.

In Forrester, the Supreme Court emphasized that employment decisions,
though "often crucial to the efficient operation of public institutions[,]" are not
entitled to absolute immunity because they do not require the exercise of judicial
discretion in the manner that adjudication requires.  484 U.S. at 229-30.  Similarly,
the decision to admit or deny individuals from a courtroom is a gate-keeping function
that entails administrative determination of who should have access, not the kind of
reasoned judgment or application of the law that characterizes judicial acts.

Further, because the exclusion was based on no stated criteria, no articulated concern for courtroom decorum, and no consideration of either Plaintiff-Appellants Paris' or Children of the Court's specific conduct, *other than their mere presence*, then the act was fundamentally ministerial—an arbitrary exercise of clerical gatekeeping authority rather than judicial discretion. Put plainly, this was a ministerial "act that simply happen[s] to have been done by [a] judge[]." Id., at 227.

2. *Defendant-Appellee Romanek's Decision to Exclude Plaintiff-Appellants was Not an Act That is Normally Performed by a Judge*

Defendant-Appellee Romanek's decision to exclude Plaintiff-Appellants Paris and Children of the Court from an otherwise public court proceeding was an administrative act falling outside the scope of absolute judicial immunity because her acts are not those typically performed by a judge when not involving disruption to the courtroom. That was the case here – it was an *a priori* restriction, targeting the Appellants. Judges are not in the business of selecting which members of the public are worthy of courtroom access based on their personal preferences.

The second factor, "whether the act is normally performed by a judge[,]" Dawson, 419 F.3d at 661, again weighs against granting immunity. Historically and in practice, decisions regarding *a priori* access to courtrooms are administrative matters delegated to court clerks and bailiffs, not functions requiring judicial capacity. This was not a situation of going *in camera* – this was targeted selection against the Plaintiff-Appellants excluding them from an open, public proceeding.

Illinois reserves those decisions, if legal, to *other* officials. Pursuant to Article VI, Section 7(c) of the Illinois Constitution of 1970, the Circuit Court of Cook County

is administered by a Chief Judge elected by the circuit judges of that circuit. Complementing the judicial administrative structure, the Office of the Clerk of the Circuit Court operates under the authority of the Clerks of Courts Act, as codified at 705 ILCS 105/1, *et seq*. The Clerk is an independently elected constitutional officer whose duties are prescribed by statute rather than by judicial appointment and their responsibilities include, *inter alia*: maintaining court records and files, managing case dockets, and the general administration of the Circuit Court of Cook County and its physical facilities.  See 705 ILCS 105/1, *et seq*.

The relationship between these two administrative entities is defined by both constitutional separation of powers and statutory coordination.  While the Circuit Court of Cook County's Chief Judge exercises *administrative* authority over judicial functions and court operations, the Clerk operates as an independently elected official performing *ministerial* duties essential to court operation.

When a judge needs to exclude someone from a courtroom due to disruptive conduct or security concerns, the judge ordinarily issues a directive, and court personnel execute it.  A judge does not stand at the courtroom door and make individual admission decisions for each member of the public seeking to attend proceedings, *though that is what occurred here*. Such decisions are the province of court administration, not judicial adjudication.

This principle was recognized in Lowe and further defined in Dawson.  The Seventh Circuit distinguished the judge's decision regarding when to decide a case, *i.e.*: a judicial act requiring discretion, from the "clerk's chore" of merely mailing

notice of the decision, *i.e.*: a ministerial or administrative task.  <u>Lowe</u>, 772 F.2d at 312-313.  Similarly, while a judge may decide what orders to enter regarding courtroom access or decorum, the day-to-day execution of courtroom access decisions is an administrative function delegated to administrative personnel.

### 3. *Plaintiff-Appellants Paris's Interaction with Defendant-Appellee Romanek was Not in Her Judicial Capacity*

Finally, it is worth noting that Plaintiff-Appellant Paris's interaction with Defendant-Appellee Romanek during the proceeding which he was excluded from was not in any judicial capacity.  When Plaintiff-Appellant Paris attempted to attend the Hearing, he was not dealing with Defendant-Appellee Romanek in her capacity as the decision-maker in a dispute between himself and another party.  He was attempting to exercise his First Amendment Right of Access to public proceedings *as a member of the public*.  Plaintiff-Appellant Children of the Court's court-overseen mission is to help members of the public like Plaintiff-Appellant Paris to exercise that right within the normal decorum of a courtroom proceeding. He merely sought to observe open proceedings, not approach the bench, or propose a motion or legal argument.  Defendant-Appellee Romanek was not acting as a judicial officer adjudicating a dispute when she excluded Plaintiff-Appellants Paris and Children of the Court, she was acting in the administrative role of controlling *who* could occupy the courtroom space during public proceedings.

The fact that exclusion orders might be issued by a judge does not transform their character from administrative to judicial.  As <u>Forrester</u> clearly states, "the nature of the function performed—adjudication—rather than the identity of the actor

who performed it—a judge—that determines whether absolute immunity attaches to the act." 484 U.S. at 220. Moreover, neither Plaintiff-Appellants Paris nor Children of the Court had any notice of any grounds for exclusion, no opportunity to respond, and no right to appeal their exclusion, other than this action; nor will the next 'excludee.' These procedural irregularities underscore that Defendant-Appellee Romanek was not acting in a judicial capacity requiring deliberation of legal questions. Instead, she was making a unilateral administrative determination regarding courtroom access.

c. Defendant-Appellees Do Not Enjoy Judicial Immunity Because Judicial Immunity Is Not A Bar To Prospective Injunctive Relief

The District Court erred in dismissing Plaintiff-Appellants' lawsuit because demanded redress, declaratory and injunctive relief, is not the sort of redress that is subject to judicial immunity. Under Pullman, "there is little support in the common law for a rule of judicial immunity that prevents injunctive relief against a judge." 466 U.S. at 540. Here, there is little question that Plaintiff-Appellants sought injunctive and declaratory relief regarding their First Amendment Right of Access. (2nd Am. Compl., Dkt. 44, Prayer for Relief p. 13-14) Accordingly, it was inappropriate for the District Court extend absolute judicial immunity to the relief requested in the underlying lawsuit.

d. Defendant-Appellee Evans and the Circuit Court of Cook County are Liable for the Deprivation of Plaintiff-Appellants' Rights

The District Court erred in dismissing Plaintiff-Appellants' Second Amended Complaint because it failed to apply the proper pleading standard and misconstrued well-pled factual allegations that establish a viable Monell claim. Were the

23

allegations accepted as true and reasonable inferences drawn in Plaintiff-Appellants' favor, *as required at the Rule 12(b)(6) stag*e, the District Court would have seen that Defendant-Appellee Evans possessed actual knowledge of Plaintiff-Appellant Children of the Court, its mission, and was aware of the deliberate misrepresentations made by subordinate judicial officers; yet Defendant-Appellee Evans consciously disregarded the known and obvious consequences of his inaction. This deliberate indifference fostered a widespread custom of abrogating individuals' constitutional liberties, rendering Cook County Circuit Court, and Defendant-Appellee Evans, liable under Section 1983.

The Supreme Court has recognized that municipal liability under Section 1983 may be predicated on "governmental 'custom' even though such custom has not received formal approval through the body's official decisionmaking (sic) channels." Monell, 436 U.S. at 690-91. A custom exists where a practice is "so permanent and well settled as to constitute a 'custom or usage' with the force of law." Id., at 691. To establish municipal liability based on custom, Plaintiff-Appellants must demonstrate that policymakers were "deliberately indifferent" to the known or obvious consequences of their custom. City of Canton, 489 U.S. at 390; Bryan Cnty, 520 U.S. at 407.

Deliberate indifference is established when policymakers, aware that their approach has failed to prevent situationally protected rights, continue with a knowingly insufficient approach. City of Canton, 489 U.S. at 389-390, n.10. This standard requires proof that a policymaker "disregarded a known or obvious

consequence of his action." <u>Bryan Cnty</u>, 520 U.S. at 410.  Critically, this Circuit has held that "a series of violations" may "lay the premise of deliberate indifference," and that policymakers' insouciance towards misconduct—demonstrated by failure to remedy known constitutional violations—constitutes actionable municipal policy. <u>Thomas</u>, 604 F.3d at 303.

The Second Amended Complaint alleged facts satisfying each element.  It alleged that Defendant-Appellee Evans possessed specific knowledge of Plaintiff-Appellant Children of the Court, its mission, and the nature of its advocacy on behalf of litigants and its beneficiaries seeking access to court proceedings and understanding thereof. (2nd Am. Compl., Dkt. 44, ¶¶ 23-33)  The Second Am. Complaint alleges that Plaintiff-Appellant Children of the Court informed Defendant-Appellee Evans that it would be visiting courtrooms under his supervision, including that of Defendant-Appellee Romanek. It further alleged that Evans was aware that subordinate judicial officers and court staff were circulating false and delegitimizing information about Plaintiff-Appellant Children of the Court and its Officers.  (<u>Id.</u>, ¶ 32)  The Second Am. Complaint alleges that Evans, despite possessing final policymaking authority and an obligation to correct these misrepresentations, deliberately chose not to act.  <u>Id.</u>  Finally, the Second Am. Complaint alleges that Evans' deliberate indifference to the wrongs occurring around him enabled subordinates to continue violating the constitutional rights of Plaintiff-Appellants and others, resulting in a widespread and well-settled custom of denying access to courts. <u>Id.</u>, ¶¶ 58, 64, 69.  It is all the more concerning that the organization

promotes judicial reform, was judge-created, and regularly works with judges to improve the judicial system. If Judge Romanek is not going to be monitored by her supervising Judge – Chief Evans – it is no wonder she shut down the courtroom to Children of the Court after learning of this case.

The District Court dismissed the Monell claim suggesting that "a few scattered claims of practices and display of deliberate indifference are insufficient" to establish custom. (Memo. Op. and Order, Dkt. 53 at 3 n.5) This conclusion is an error. This Circuit does not require a specific number of violations to overcome some threshold to establish custom; rather, it requires proof of "more than one instance," and permits a custom to be shown through "a series of violations to lay the premise of deliberate indifference." Thomas, 604 F.3d at 303 (quoting Palmer v. Marion Cnty., 327 F.3d 588, 596 (7th Cir. 2003)). Moreover, custom or customs may take the form of "an implicit policy or a gap in expressed policies," particularly "in situations where rules or regulations are required to remedy a potentially dangerous practice." Id. (citing Phelan v. Cook Cnty., 463 F.3d 773, 790 (7th Cir. 2006)).

The allegations here satisfy this standard. The Second Am. Complaint does not allege isolated misconduct by a single subordinate; it alleges a pattern of misconduct resulting in constitutional violations as a result of misinformation systematically spread among judicial officers and staff, which Evans knew about and consciously failed to correct. (2nd Am. Compl., Dkt. 44, ¶¶ 58, 64, 69) Where policymakers are aware of recurring violations and acquiesce by failing to implement corrective measures despite their authority to do so, this Circuit has found such

acquiescence sufficient to establish custom.   See Thomas, 604 F.3d at 303 (policymaker awareness of risk and failure to act establishes deliberate indifference).

## Conclusion

The district court's dismissal should be vacated, because the District Court's order dismissing Defendant-Appellee Romanek with prejudice based on absolute judicial immunity was erroneous.   The court reasoned that because Defendant-Appellee Romanek was "on the bench" and "hearing and deciding cases" during the status conference, her exclusion of Paris was within her judicial role.   However, this reasoning collapses the critical distinction between a judge's core adjudicative functions, *hearing cases*, and her ancillary administrative functions, *controlling courtroom access*.   Further, it allows the Constitutional violations to continue because it fails to address that judicial immunity serves as no bar to prospective injunctive relief.   Moreover, the Second Amended Complaint alleges specific, non-conclusory facts establishing that Defendant-Appellee Evans knew about Plaintiff-Appellant Children of the Court, its mission, its impending Romanek visit, and was aware of the deliberate misrepresentations made by subordinate judicial officers; yet Defendant-Appellee Evans consciously disregarded the known and obvious consequences of his inaction; and that his deliberate indifference fostered a widespread custom of constitutional violations. The indifference led to Defendant-Appellee Romanek being so brazen as to bar Plaintiff-Appellant Children of the Court after the undersigned noticed her of the Complaint and an impending visit. These allegations state a plausible Monell claim under Supreme Court and Seventh Circuit

precedent.     Accordingly,  the  Court  should  reverse  and  remand  for  further

proceedings.

Dated: January 5, 2026                    Respectfully submitted,

*/s/ Adam Florek*
Adam Florek
N.D. Ill. Bar No.: 6320615
Florek Law, PLLC
552 Broadway, Suite 601
New York, New York 10018
Tel: +1 (929) 229-2268
Email: aflorek@florekllc.com

Antonio Valiente-Rivera
N.D. Ill. Gen. Bar No.: 12326
Torre de La Reina - Suite 203
450 Avenida de La Constitucion
San Juan, Puerto Rico 00901
Tel:  (787) 782-9544
Email:  lcdoavaliente@live.com

**Certificate of Compliance with Fed. R. App. Pro. 32(a)(7) and 32(g) and Circuit Rule 32(c)**

The undersigned, counsel for the Plaintiff-Appellants, furnishes the following in compliance with Fed. R. App. Pro. 32(a)(7) and hereby certifies that this brief conforms to Rule 32(a)(7) for a brief produced with a proportionally spaced font, containing 5,383 words and the typeface is Century Schoolbook, 12 point.

Dated: January 5, 2026                    Respectfully submitted,

                                          */s/ Adam Florek*
                                          Adam Florek
                                          N.D. Ill. Bar No.: 6320615
                                          Florek Law, PLLC
                                          552 Broadway, Suite 601
                                          New York, New York 10018
                                          Tel: +1 (929) 229-2268
                                          Email: aflorek@florekllc.com

                                          Antonio Valiente-Rivera
                                          N.D. Ill. Gen. Bar No.: 12326
                                          Torre de La Reina - Suite 203
                                          450 Avenida de La Constitucion
                                          San Juan, Puerto Rico 00901
                                          Tel:  (787) 782-9544
                                          Email:  lcdoavaliente@live.com

## Certificate of Service

The undersigned counsel for the Plaintiff-Appellants hereby certifies that on Monday, January 5, 2026, electronic copies of the Brief and Required Short Appendix of Appellants and one copy of the Separate Appendix were delivered by CM/ECF to counsel for the Defendant-Appellees.

Dated: January 5, 2026                    Respectfully submitted,

*/s/ Adam Florek*
Adam Florek
N.D. Ill. Bar No.: 6320615
Florek Law, PLLC
552 Broadway, Suite 601
New York, New York 10018
Tel: +1 (929) 229-2268
Email: aflorek@florekllc.com

Antonio Valiente-Rivera
N.D. Ill. Gen. Bar No.: 12326
Torre de La Reina - Suite 203
450 Avenida de La Constitucion
San Juan, Puerto Rico 00901
Tel:  (787) 782-9544
Email:  lcdoavaliente@live.com

## Circuit Rule 30(d) Statement

Pursuant to Circuit Rule 30(d), counsel certifies that all material required by Circuit Rule 30(a) and (b) are included in the appendix.


Dated: January 5, 2026                     Respectfully submitted,

                                           */s/ Adam Florek*
                                           Adam Florek
                                           N.D. Ill. Bar No.: 6320615
                                           Florek Law, PLLC
                                           552 Broadway, Suite 601
                                           New York, New York 10018
                                           Tel: +1 (929) 229-2268
                                           Email: aflorek@florekllc.com

                                           Antonio Valiente-Rivera
                                           N.D. Ill. Gen. Bar No.: 12326
                                           Torre de La Reina - Suite 203
                                           450 Avenida de La Constitucion
                                           San Juan, Puerto Rico 00901
                                           Tel:  (787) 782-9544
                                           Email:  lcdoavaliente@live.com

# R. 30(a)
# Required Short
# Appendix

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.1)**
**Eastern Division**

Children of the Court, et al.

                                    Plaintiff,

v.                                                          Case No.: 1:24−cv−08785
                                                            Honorable Lindsay C. Jenkins

Iris Y. Martinez, et al.

                                    Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, December 19, 2024:

      MINUTE entry before the Honorable Lindsay C. Jenkins: Telephonic motion hearing held. For the reasons stated on the record, Defendant Abbey Fishman Romanek's motion to dismiss with prejudice [17] is granted. Defendant Romanek is dismissed with prejudice and shall be terminated from the docket. Defendants Iris Y. Martinez and Cook County, Illinois's motion to dismiss [15] is granted without prejudice. Plaintiff may file an amended complaint by January 17, 2025; Defendants responsive pleading is due by January 31, 2025. Mailed notice. (kp, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at **www.ilnd.uscourts.gov**.

Case: 1:24-cv-08785 Document #: 25 Filed: 01/13/25 Page 1 of 10 PageID #:77
Case: 25-2526    Document: 17      Filed: 01/05/2026    Pages: 49

1

1
2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

3    CHILDREN OF THE COURT, a        ) Case No. 24 C 8785
     non-profit corporation, AND     )
4    CONOR PARIS,                     )
                                      )
5                   Plaintiffs,       )
                                      )
6              v.                     )
                                      )
7    ABBEY FISHMAN ROMANEK, et al.,   ) Chicago, Illinois
                                      ) December 19, 2024
8              Defendants.            ) 9:35 a.m.

9         TRANSCRIPT OF PROCEEDINGS - STATUS & MOTION
            BEFORE THE HONORABLE LINDSAY C. JENKINS
10

     APPEARANCES:
11

     For the Plaintiffs          FLOREK LAW, LLC
12   via telephone:              BY:  MR. ADAM J. FLOREK
                                 11 Knollwood Drive
13                               North Caldwell, New Jersey  07006

14   For Deft. Romanek           OFFICE OF THE ILLINOIS ATTORNEY
     via telephone:                 GENERAL
15                               BY:  MR. MICHAEL J. BRADTKE
                                 151 S. LaSalle Street, Suite 2700
16                               Chicago, Illinois  60603

17   For Defts. Clerk of Court   COOK COUNTY STATE'S ATTORNEY'S
     and Cook County via            OFFICE
18   telephone:                  BY:  MS. SILVIA MERCADO MASTERS
                                 50 W. Washington Street, Suite 500
19                               Chicago, Illinois  60602

20   Court Reporter:             JOSEPH RICKHOFF, CSR, RMR, CRR
                                 Official Court Reporter
21                               219 S. Dearborn St., Suite 2118
                                 Chicago, Illinois  60604
22                               (312) 435-5562
                                 joseph_rickhoff@ilnd.uscourts.gov
23
              *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
24

              PROCEEDINGS RECORDED BY STENOTYPE
25    TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

1    (Proceedings heard in open court by telephone:)

2         THE CLERK:  24 CV 8785, Children of the Court vs.

3    Abbey Fishman Romanek.

4         THE COURT:  Good morning.  Do I have counsel on the

5    line on behalf of Children of the Court?

6         MR. FLOREK:  Good morning, your Honor, Adam Florek, F,

7    as in Frank, l-o-r-e-k, appearing on behalf of children of the

8    court, as well as Mr. Paris.

9         THE COURT:  Good morning.  On behalf of both

10   plaintiffs, good morning.

11        Do I have counsel on the line for defendant -- sorry,

12   give me one moment -- for defendant Abbey Romanek?

13        MR. BRADTKE:  Good morning, your Honor, Michael

14   Bradtke on behalf of Judge Romanek, B-r-a-d-t-k-e.

15        THE COURT:  Good morning.

16        Do I have counsel on the line on behalf of the Clerk

17   of the Court of Cook County, Iris Martinez?

18        MS. MASTERS:  Good morning, your Honor, Assistant

19   State's Attorney Silvia Mercado Masters, M-e-r-c-a-d-o.

20        THE COURT:  And you're also appearing on behalf of the

21   defendant Cook County; do I have that right?

22        MS. MASTERS:  That's correct, Judge.

23        THE COURT:  Okay.  So, we're here this morning on what

24   was intended to be your initial status hearing.  In the

25   interim, after I set that for a hearing, both defendants filed

Case: 1:24-cv-08785 Document #: 25 Filed: 01/13/25 Page 3 of 10 PageID #:79
Case: 25-2526    Document: 17    Filed: 01/05/2026    Pages: 49

3

1   a motion to dismiss.  The plaintiffs have filed a response, and

2   I've looked at that.  I'm going to make a record now by ruling

3   orally on the motion.

4          So, to sum up, both motions to dismiss will be

5   granted, for reasons I'll explain.  Defendant Romanek will be

6   dismissed with prejudice.  And the claims against the remaining

7   defendants -- that is, the Clerk of Court of Cook County and

8   the defendant Cook County -- will mostly be dismissed without

9   prejudice with leave to amend, though there are a number of

10  caveats and guidance that I want to give the plaintiffs from my

11  perspective on how to proceed.

12         So, before I get into my reasons, I just want to make

13  sure that as plaintiff currently sits here, as counsel for

14  plaintiffs currently sit here, having read the motion and

15  responded to it, you intend to proceed with your case.  Is that

16  correct?

17         In other words, the parties haven't otherwise

18  agreed or you haven't otherwise decided to dismiss the case?

19         MR. FLOREK:  No, your Honor.

20         THE COURT:  Okay.  So, I'm going to make a record on

21  my ruling here orally, but both motions to dismiss will be

22  granted.

23         So, the plaintiffs in this case, Children of the Court

24  and Conor Paris, bring a claim for a violation of their First

25  Amendment rights against Judge Romanek, against the Clerk of

Case: 1:24-cv-08785 Document #: 25 Filed: 01/13/25 Page 4 of 10 PageID #:80
Case: 25-2526    Document: 17    Filed: 01/05/2026    Pages: 49

4

1   the Court of Cook County and against Cook County, Illinois.

2   The claim asserts that the defendants violated Section 1983 by

3   preventing plaintiff Conor Paris from accessing Judge Romanek's

4   courtroom during a Zoom status conference in the case.  And the

5   plaintiffs seek, among other things, declaratory, injunctive,

6   and compensatory relief.  There are a couple of grounds raised

7   by both motions to dismiss, and I'll address all of those

8   issues here now.

9         The first issue is standing.  And there is a

10  significant standing problem, certainly as to plaintiff

11  Children of the Court.  And while I don't have great confidence

12  that an injury could be alleged, I will dismiss with the

13  opportunity to amend to allege additional facts which might

14  establish standing with respect to plaintiff Children of the

15  Court.

16        So, to establish standing, a plaintiff has to allege

17  an injury in fact that's traceable to the defendant and likely

18  to be redressed by a favorable decision from the Court.  So,

19  standing requires sufficient injury in fact; that is, one that

20  is concrete and particularized, actual or imminent, and not

21  conjectural or hypothetical.  To be particularized, the injury

22  must affect the plaintiff in a personal and individual way.

23  And that means that, according to the Supreme Court, the injury

24  cannot be general and undifferentiated.

25        As least as currently pled, Children of the Court lack

Case: 1:24-cv-08785 Document #: 25 Filed: 01/13/25 Page 5 of 10 PageID #:81
Case: 25-2526     Document: 17     Filed: 01/05/2026     Pages: 49

5

1   standing because its only allegation of harm is insufficiently

2   supported by factual allegations.  The complaint alleges at

3   Paragraph 35 that Children of the Court has been injured as a

4   result of the defendants' conduct, particularly reputational

5   damage and interference with its public purpose.  It's not

6   enough under the standing requirements to say that your

7   reputation was harmed without explaining how.  And I would cite

8   to *Crabtree vs. Experian*, 948 F.3d 872.  That's a Seventh

9   Circuit case from 2020.

10       I understand that Children of the Court's response to

11  the motion to dismiss expands upon its belief as to how it's

12  been injured, including by describing how Judge Romanek's

13  decision injured its ability to fundraise in the future and

14  attract volunteers.  But even if that injury were sufficiently

15  concrete and non-speculative, you couldn't amend your complaint

16  through briefing, which is why I'm going to give you an

17  opportunity to amend.

18       That procedural wrinkle aside, overall, Children of

19  the Court's allegations of reputational harm and interference

20  really boil down to an argument that a sitting state court

21  judge, the Clerk of the Court, and Cook County violated First

22  Amendment rights by denying access to the Court.  But the

23  Seventh Circuit has explained that an injury to an individual's

24  right to have the government follow the law without more is a

25  generalized grievance that cannot support standing no matter

Case: 1:24-cv-08785 Document #: 25 Filed: 01/13/25 Page 6 of 10 PageID #:82
Case: 25-2526    Document: 17    Filed: 01/05/2026    Pages: 49

6

1   how sincere that grievance is held.  And for that, I would cite

2   *Bost, B-o-s-t, vs. Illinois State Board of Elections*, 114 F.4th

3   634 at Page 640.  That's a Seventh Circuit case from this year.

4           So, because so far, the only grievances alleged are

5   general grievances and there has been no showing of a

6   sufficiently concrete and particularized injury to support

7   Article III standing, the complaint is dismissed on that

8   ground.

9           Second, Judge Romanek, who will be dismissed with

10  prejudice, is entitled to absolute judicial immunity on all

11  claims.  For that, I would cite a case from 1871, *Bradley vs.*

12  *Fisher*, 80 U.S. 335.  Immunity falls away only if the judge

13  acts in clear absence of all jurisdiction.  It's not enough

14  that the judge might have been wrong, might have even been

15  acting maliciously, or acted in excess of her authority.

16          The plaintiffs argue that judicial immunity doesn't

17  apply because Judge Romanek acted administratively.  There's a

18  case *Forrester vs. White* from 1988 that recognizes some

19  immunity exceptions in the case of administrative decisions.

20  But there are three factors the Seventh Circuit considers when

21  deciding whether a judge is entitled to judicial immunity.

22  One, whether the act or decision involves the exercise of

23  discretion or judgment or is a ministerial act; two, whether

24  the act is normally performed by a judge; and, three, the

25  expectations of the parties; that is, whether the parties dealt

Case: 1:24-cv-08785 Document #: 25 Filed: 01/13/25 Page 7 of 10 PageID #:83
Case: 25-2526    Document: 17    Filed: 01/05/2026    Pages: 49

7

1   with the judge as a judge.  And I would cite *Dawson v. Newman*,

2   419 F.3d 656.  That's a Seventh Circuit case from 2005.

3         All three of those factors would point to the

4   application of absolute judicial immunity here.  The allegation

5   is that the judge injured them -- injured the plaintiffs --

6   because during a court call, she prevented the plaintiff Paris

7   Conor from entering a Zoom hearing.  But that by definition is

8   a judge acting within her role as a judge.  She was on the

9   bench.  She was hearing and deciding cases.  And trial judges

10  have wide latitude to control courtroom atmosphere and

11  litigants who appear before them.  That's *United States Vs.*

12  *Mannie*.

13        So, the judge is dismissed from the case with

14  prejudice.

15        The defendants also seek immunity for the defendant

16  Clerk of the Court and Cook County.  Cook County is by

17  extension, of course.  But even taking the plaintiffs'

18  allegations as true, they have not stated a claim against the

19  Clerk.  The complaint contains no allegations that the Clerk

20  had any role in facilitating or executing the judge's decision

21  not to admit Mr. Conor into the Zoom hearing.  They simply

22  argue or allege that the Clerk's role was to support the

23  judiciary by allowing access to the Circuit Court of Cook

24  County.  But that's not sufficient to state a claim because it

25  doesn't support the inference that the Clerk had any role in

Case: 1:24-cv-08785 Document #: 25 Filed: 01/13/25 Page 8 of 10 PageID #:84
Case: 25-2526     Document: 17     Filed: 01/05/2026     Pages: 49

8

1    executing the judge's decision.  And even if the Clerk of Court

2    had a role, the complaint plausibly suggests that the Clerk

3    would have simply been acting on the direction of the judge.

4    And that suggests quasi-judicial immunity.  And I would cite

5    *Richman v. Sheahan*, 270 F.3d 430, a 2001 case from the Seventh

6    Circuit.

7            I want to make two other very brief points, and then

8    I'll stop.  Because assuming that plaintiff amends, he needs --

9    they need to be aware of at least the following two other

10   impediments or hurdles that I see.  One, Section 1983 does not

11   permit injunctive relief in this context.  *Haas v. Wisconsin*,

12   109 Fed.Appx. 107.  That's a Seventh Circuit case from 2004.

13   In 1996, Congress amended 1983 to expressly provide that

14   injunctive relief is not available in an action brought against

15   a judicial officer for an act or omission taken in that

16   officer's judicial capacity.

17           And finally -- and I say this for the benefit of any

18   future filings -- there is a significant federal ism concern

19   raised by this case.  The plaintiffs are asking me, through

20   this lawsuit, to direct a state court judge to work

21   collaboratively with the Children of the Court to facilitate

22   the plaintiffs' mission.  They're essentially asking me to tell

23   a state court judge how to run her courtroom.  That implicates

24   federalism concerns.  And the complaint itself suggests no

25   reason to believe that an intrusion like that would be

Case: 1:24-cv-08785 Document #: 25 Filed: 01/13/25 Page 9 of 10 PageID #:85
Case: 25-2526     Document: 17        Filed: 01/05/2026      Pages: 49

9

1   warranted or necessary.  In other words, the relief you seek

2   from the federal court runs contrary to equity, comity, and

3   federalism principles under the abstention doctrines.  And

4   before refiling, I'd encourage you to look at *J.B. vs.*

5   *Woodward*, 997 F.3d 714 at Page 723.  That's a Seventh Circuit

6   case from 2021.

7          All right.  I am not going to set a fact discovery

8   schedule as I ordinarily would.  I will set a date for

9   plaintiffs to file an amended complaint.

10          So, counsel, on behalf of plaintiffs, is January --

11  I'm counting for the holidays.  Is January 10th enough time?

12          MR. FLOREK:  Well, your Honor, I'd respectfully

13  request until the 17th.

14          THE COURT:  Certainly.  No problem.  So, any amended

15  pleading should be filed by January 17th.

16          I will give defendants -- the remaining defendants --

17  course, Judge Romanek is no longer a defendant.  But the

18  remaining defendants may file their responsive pleading -- I'll

19  set the date for January 31st.  I know that you may need to see

20  the material before you file something.  But for now, any

21  responsive pleadings by the remaining defendants are due

22  January 31st.

23          I'll give you further direction once we see what's

24  filed and what the defendants file in response.  If I need to

25  set deadlines, I'll do so.  But any responsive pleading to the

 1   amended complaint is due by January 31st.

 2            Is there anything else on behalf of the plaintiffs we

 3   should address this morning?

 4            MR. FLOREK:  No, your Honor.

 5            THE COURT:  And on behalf of defendant Romanek?

 6            MR. BRADTKE:  Thank you.

 7            THE COURT:  If you said something, I'm sorry, I didn't

 8   catch it.

 9            MR. BRADTKE:  Nothing further, your Honor.  Thank you.

10            THE COURT:  Thank you.

11            And on behalf of defendant Clerk of Court and Cook

12   County, Ms. Mercado, anything further?

13            MS. MASTERS:  Nothing further, Judge.  Thank you.

14            THE COURT:  Thanks so much.  Have a good day.

15            MR. BRADTKE:  Thank you, your Honor.

16            MS. MASTERS:  Thank you.

17        (Proceedings concluded at 9:50 a.m.)

18                        *     *     *     *     *

19

20   I certify that the foregoing is a correct transcript from the
     record of proceedings in the above-entitled matter.
21

22
     /s/ Joseph Rickhoff                      January 2, 2025
23   Official Court Reporter

24

25

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)**
**Eastern Division**

Children of the Court, et al.

                        Plaintiff,

v.                                              Case No.: 1:24–cv–08785
                                                Honorable Lindsay C. Jenkins

Cook County, Illinois, et al.

                        Defendant.

---

### NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, July 24, 2025:

        MINUTE entry before the Honorable Lindsay C. Jenkins: Defendant's motion to dismiss [48] is granted. See attached order for further details. The case is dismissed with prejudice. The clerk shall enter a Rule 58 judgment against Plaintiffs and in favor of Defendants. Civil case terminated. Mailed notice. (jlj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Children of the Court, *et al.*, | |
| *Plaintiffs,* | No. 24 CV 8785 |
| v. | Judge Lindsay C. Jenkins |
| Timothy C. Evans and the Circuit Court of Cook County, | |
| *Defendants.* | |

**Memorandum Opinion and Order**

      Children of the Court and Conor Paris sued Defendant Abby Romanek, Cook County, and Iris Y. Martinez for violation of their First and Fourteenth Amendment Rights. [Dkt. 1.][1] The court dismissed their original complaint against Judge Romanek with prejudice and against Cook County and Martinez without prejudice, giving Plaintiffs leave to amend. [Dkt. 23.] Plaintiffs amended, naming Cook County and Chief Judge Timothy Evans as Defendants the second time around. [Dkt. 29.] The court dismissed the complaint as against Cook County and Martinez with prejudice. [Dkt. 36.][2] It dismissed the complaint as against Judge Evans without prejudice and provided leave to amend. [Dkts. 43.] Plaintiffs then filed a second amended complaint that names the Circuit Court of Cook County and Chief Judge Timothy Evans as Defendants. [Dkt. 44.][3] Judge Evans, who is sued in his individual and official[4] capacities, filed another motion to dismiss. The motion is granted, and the case is dismissed with prejudice.

---

[1]    Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

[2]    While Plaintiffs' amended complaint did not include Martinez in the case caption as is required by Federal Rule of Civil Procedure 10(a), the court nevertheless considered and dismissed the claims against her. [Dkt. 36 at 3.]

[3]    Plaintiffs never served the Circuit Court of Cook County; therefore, the court does not consider any claims against that entity.

[4]    The court only considers the second amended complaint against Judge Evans in his individual capacity. Official capacity suits against state officials are barred by the Eleventh Amendment as to any damages claims. *Mims v. Wexford Health Sources, Inc.*, 2019 WL 194869, at *4 (N.D. Ill. Jan. 15, 2019). Nor are officials "persons" for purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Congress in passing § 1983, had no intention to disturb the States' Eleventh Amendment Immunity….").

## Standard of Review

"To survive a motion to dismiss under Rule 12(b)(6), plaintiff's complaint must allege facts which, when taken as true, plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (cleaned up). This occurs when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Garrard v. Rust-Oleum Corp.*, 575 F. Supp. 3d 995, 999 (N.D. Ill. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted)). The court accepts as true all well-pled allegations set forth in the second amended complaint and draws all reasonable inferences in Plaintiffs' favor. *See Craftwood II, Inc. v. Generac Power Sys., Inc.*, 920 F.3d 479, 481 (7th Cir. 2019). In setting forth the facts at the pleading stage, the court does not vouch for their accuracy. *See Goldberg v. United States*, 881 F.3d 529 (7th Cir. 2018).

## Analysis

The court assumes familiarity with the basic allegations and history of the case as summarized in the prior orders and rulings. [Dkts. 23, 36, 43.] As before, the complaint's only count alleges a First Amendment right of access claim under 42 U.S.C. § 1983. To determine whether the right of access exists, courts apply the *Press–Enterprise Co. v. Superior Court* two-part test. 478 U.S. 1 (1986). The first inquiry is "whether the place and process have historically been open to the press and general public." *Id.* at 8. The second is whether "the Court has traditionally considered whether public access plays a significant positive role in the functioning of the particular process in question." *Id.*

In its prior order, the court addressed the abstention consideration raised in *Courthouse News Service v. Brown*, a case where a news service challenged Cook County Court's policy of administratively processing newly filed complaints before making them publicly available. 908 F.3d 1063 (7th Cir. 2018). The Seventh Circuit applied a modified *Younger* abstention theory, explaining that it was "not appropriate for the federal courts" to "supervis[e] … state court operations." *Id.* at 1074. Principles of cooperation and comity weighed in favor of abstention so that state courts could "craft an informed and proper balance between the state courts' legitimate institutional needs and the public's … substantial First Amendment interest." *Id.*

Plaintiffs' response brief still does not engage with *Press–Enterprise Co*. Instead, they urge the court to follow the Ninth Circuit's lead in *Courthouse News Service v. Planet*, 750 F.3d 776, 789-90 (9th Cir. 2014), which concluded there were "no ongoing 'heavy' oversight" concerns that justified abstaining and that "principles of comity do not bar federal intervention." [Dkt. 50 at 4.] But the Seventh Circuit expressly distinguished *Planet*, reaching the opposite conclusion as to abstention. *Brown*, 908 F.3d at 1074 ("We acknowledge that the Ninth Circuit in *Courthouse*

2

*News Service v. Planet*, a case nearly identical to this one, came to the opposite conclusion regarding abstention.") This court is bound by the Seventh Circuit's ruling, and any argument to the contrary is more appropriately directed at the Court of Appeals.

Plaintiffs also reiterate that Judge Evans is not immune from liability under *Forrester v. White*, 484 U.S. 219, 228 (1988), which establishes only that judicial immunity does not extend to administrative decisions. But the added allegations concerning Judge Evans still do not permit the reasonable inference that the decisions Evans made were administrative. [Dkt. 44, ¶¶ 23-33.] Instead, they reflect Judge Evans's supervisory role, for instance, that he "an affirmative obligation to counteract" false information being circulated about Children of the Court by subordinates, including court staff and members of the judiciary. [*Id.*, ¶ 32 ("Had he merely counteracted the false delegitimization [by those in] his charge, once he knew it had spread, the wrongs herein would not have happened.").] As already explained, judicial immunity extends to these sorts of supervisory tasks. *Brown v. Maine*, 2012 WL 5463087, at \*5 (D. Me. Nov. 7, 2012), *aff'd* (May 8, 2013); *Higdon v. Tusan*, 2017 WL 552779, at \*5 (N.D. Ga. Feb. 10, 2017), *aff'd sub nom. Higdon v. Fulton Cnty., Georgia*, 746 F. App'x 796 (11th Cir. 2018), and *aff'd*, 746 F. App'x 805 (11th Cir. 2018). Therefore, Judge Evans has absolute judicial immunity from this lawsuit.

Finally, the second amended complaint still does not allege facts demonstrating Judge Evans's personal involvement in (or awareness of) Romanek's decisions, as required under § 1983. The closest Plaintiffs come is by alleging that Judge Evans, "in his representative capacity as the Circuit Court of Cook County, failed to ensure that the Court remained open and accessible to the public." [Dkt. 44, ¶ 47.] This does not plausibly imply personal involvement. Because there is "no such thing as *respondeat superior* liability for government officials under § 1983," the First Amendment claim fails. *Taylor v. Ways*, 999 F.3d 478, 493 (7th Cir. 2021).[5]

---

[5]    Plaintiffs' response brief mentions *Monell* liability under § 1983, but this is a non-starter. *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 690, 694 (1978). It's axiomatic that a plaintiff cannot amend his complaint through briefing. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011) and the second amended complaint fails to allege that a policy or custom was responsible for the deprivation of rights. A few scattered claims of practices and display of deliberate indifference are insufficient. [Dkt. 44, ¶¶58, 64, 69]; *see Foy v. City of Chicago*, 2016 WL 2770880, at \*9 (N.D. Ill. May 12, 2016) (Plaintiffs "succeed[] in repeating all the trigger words required of a *Monell* claim but absolutely no factual content to demonstrate a widespread practice" or the notice necessary to supply deliberate indifference). *Monell*'s holding also does not apply to states or states' departments. *Will*, 491 U.S. at 70 ("[W]e consequently limited our holding in *Monell* to local government units which are not considered part of the state for Eleventh Amendment purposes."); *Joseph v. Bd. of Regents of Univ. of Wisconsin Sys.*, 432 F.3d 746, 748–49 (7th Cir. 2005).

**Conclusion**

For these reasons, Plaintiffs' Second Amended Complaint [dkt. 44] is dismissed with prejudice.

Enter: 24 CV 8785
Date: July 24, 2025

Lindsay C. Jenkins

4

ILND 450 (Rev. 04/29/2016) Judgment in a Civil Action

Case: 1:24-cv-08785 Document #: 54 Filed: 07/24/25 Page 1 of 1 PageID #:220
Case: 25-2526        Document: 17        Filed: 01/05/2026        Pages: 49

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Children of the Court,

Plaintiff(s),

v.

Abbey Fishman Romanek,

Defendant(s).

Case No.  24 C 8785
Judge Lindsay C. Jenkins

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐   in favor of plaintiff(s)
and against defendant(s)
in the amount of $    ,

      which  ☐ includes    pre–judgment interest.
              ☐ does not include pre–judgment interest.

    Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

    Plaintiff(s) shall recover costs from defendant(s).

---

☐   in favor of defendant(s)
and against plaintiff(s)

.

    Defendant(s) shall recover costs from plaintiff(s).

---

☒   other: Defendant's motion to dismiss [48] is granted.  Judgment is entered in favor of Defendant Abbey Fishman Romanek and against Plaintiff Children of the Court. Civil case closed.

---

This action was *(check one)*:

☐ tried by a jury with Judge Lindsay C. Jenkins presiding, and the jury has rendered a verdict.
☐ tried by Judge Lindsay C. Jenkins without a jury and the above decision was reached.
☒ decided by Judge Lindsay C. Jenkins.

Date:   7/24/2025

Thomas G. Bruton, Clerk of Court

Jackie Deanes, Deputy Clerk